

**FILED**

JUN 2 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

JUGVIR INDER SINGH        |    CIVIL ACTION NO_____

4409 Hoffner Suite 405        |

Orlando, FL 32818        |

telephones: 5714268522        |

email:singhderewa@lycos.com        |

JUGVIR INDER SINGH

AS INDIVDUAL AND HEAD OF

THE ESTATE OF THE        |

SINGHDEREWA FAMILY        |

4409 Hoffner Suite 405        |

Orlando, FL   32812        |

telephones: 5714268522        |

email:singhderewa@lycos.com        |

**PLAINTIFFS**        |

**VERSUS**        |

       |

**COMMONWEALTH OF AUSTRALIA**  |

EMBASSY OF Australia

Case: 1:07-cv-01170
Assigned To : Bates, John D.
Assign. Date : 6/29/2007
Description: Civil Rights-Non-Employ.

**JURY ACTION**

**RECEIVED**

JUN 2 5 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DENNIS JAMES RICHARDSON |

1601 Massachusetts Ave, NW |

Washington DC 20036 – |

Telephone: (202) 797 3000 |
Fax: (202) 797 3168

**UNION OF INDIA** |

EMBASSY OF INDIA |

Mr. Rarendra Sen |

2107 Massachusetts Avenue,  N.W., |

Washington D.C. |

USA - 20008 |

Phone: (202) 939-7000 |

Fax: (202) 265-4351 |

**UNITED NATIONS** |

UN Headquarters |

Mr. Nicolas Michel, |

Under-Secretary-General, |

The Legal Counsel, |

ROOM 3427A |

First Avenue at 46th Street |

New York, NY 10017 |

**Tel (212) 963-1234** |
TEL (212)963-5012

And John Does |
1-99
                    **DEFENDANTS** |

## COMPLAINT

1.  The plaintiff and his decedents alleges a civil liability for intentional torts
    and crimes under the Alien Tort Claims Act (ATCA), 28 U.S.C. §1350.*See
    Wiwa v. Royal Dutch Petroleum Co.,* ___ *F.3d* ___, *(2d Cir. 2000)* against
    the defendants for colluding, conspiring, corruption in the aiding and
    abetting of a kidnap, hostage taking in Australia and the deprivation of
    fundamental and universal rights and the torture of the plaintiff and his
    minor daughter of 5 years old from the period of April 15th 2005 to present
    violating    18    U.S.C.    §    2340A(2000);kidnapping    18    U.S.C.    §
    1201(2000);conspiracy 18 U.S.C. §  373 (2000) and assault 18 U.S.C. §
    113(a)(4).

## JURISDICTION AND VENUE

2.  This court has jurisdiction over the subject matter of this action pursuant to 28
    U.S.C ∫∫ 1330 (a) 1331 (a)(2), The Foreign Immunities Act 28 U.S.C ∫∫ 1605
    (a)(5),(a)(7) and (a)(7) note; 1606 and Section 606 (a) of the Foreign Assistance
    Act of 1961 (22 USC 2371(b) and 28 U.S.C ∫∫2333 and 18 U.S.C ∫∫ 2388

3.  Also "[t]he district courts shall have original jurisdiction of any civil action by
    an alien for a tort only, committed in violation of the law of nations or a treaty
    of the United States." 28 U.S.C. §1331 and § 1350. *See, e.g., Filartiga v. Pena-
    Irala, 630 F.2d 876, 887 & n. 21 (2d Cir.1980) (identifying only two previous*

*cases that had relied upon the ATCA for jurisdiction).. See, e.g., Abebe-Jira v. Negewo, 72 F.3d 844 (11th Cir.1996) (alleging torture of Ethiopian prisoners); Kadic v. Karadzic, 70 F.3d 232 (2d Cir.1995) (alleging torture, rape, and other abuses orchestrated by Serbian military leader); In re Estate of Ferdinand Marcos, 25 F.3d 1467 (9th Cir.1994) (alleging torture and other abuses by former President of Philippines); Tel-Oren v. Libyan Arab Republic, 726 F.2d 774 (D.C.Cir.1984) (alleging claims against Libya based on armed attack upon civilian bus in Israel); Filartiga, 630 F.2d 876 (alleging torture by Paraguayan officials); Xuncax v. Gramajo, 886 F.Supp. 162 (D.Mass.1995) (alleging abuses by Guatemalan military forces).*

4. Jurisdiction of this court is gained through the Torture Victim Prevention Act {TVPA], 1991 Act (a) makes clear that it creates liability under U.S. law where under "color of law, of any foreign nation" an individual is subject to torture or "extra judicial killing," and

      1. (b) extends its remedy not only to aliens but to any "individual," thus covering citizens of the United States as well. [ ] The TVPA thus recognizes explicitly what was perhaps implicit in the Act of 1789-- that the law of nations is incorporated into the law of the United States and that a violation of the international law of human rights is (at least with regard to torture) ipso facto a violation of U.S. domestic law. [ ]

5. Then jurisdiction of court is gained as the defendants have violated a cumulative of United States Laws, being the violations of Federal Kidnapping Act of 1932, the Uniform Child Custody Jurisdiction Act , Parental Kidnap Prevention Act as applicable, National Center of missing and Exploited Children Assistance Act, Civil Aspects of Hague International Child Abduction,, the National Child Search Assistance Act, International Parental Kidnapping Crime Act and the Child Abuse Prevention and Enforcement Act (CAPE) Act known as "Jennifer's Law.

6. Three of the defendants have business and domicile in the District of Columbia and World Wide. The plaintiff has sufficiency of contact with the District and United States of America. The plaintiff's son works at International Launch Services and is domicile within the District.

7. Action for loss of consortium, intentional infliction of emotional duress, personal injury, torture and related torts committed by foreign state sponsors of hostage taking, kidnapping and terrorism through their officials,employees, and agents fall within the meaning of 28 U.S.C § 1605 (a)(7)and (a)(7) note, 28 U.S.C § 1606 and 28 U.S.C A. § 1605[1]

8. Venue is proper in this District Court pursuant to 28 U.S.C §1391 (d) and (f)(4).

9. Jurisdiction and Venue is proper pursuant 28 U.S.C §1330 (a).

---

[1] Defendants in this matter satisfy the requirements to bring such an action. As agencies or instrumentalities of a foreign sovereign or non-resident aliens.

## THE PARTIES

10. Jugvir Inder Singh was at all times during the allegations a permanent resident see *U.S. Supreme Court HINES v. DAVIDOWITZ, 312 U.S. 52 (1941)* of United States of America, and a Citizen of India, and is the father of a minor child held hostage, kidnapped and kept concealed, after being abducted and then tortured and remains vanished in Australia. The plaintiff is also being tortured and remains separated from his children. At the time of the kidnapping of the minor the plaintiff was a temporary resident of Australia.    Jugvir Inder Singh represents his minor children and his estate.

11. The estate of Jugvir Inder Singh, comprises of

    a.  A daughter Nara Avalon Von Newman Singhderewa age 6 years an Australian Citizen

    b.  A son Troy Chola Paris Singhderewa aged 18 years a resident of Darien Ct. USA and a citizen of the USA

    c.  A daughter Ashley Chinkara Singhderewa aged 26 a resident of Los Angles County California USA, and a citizen of the USA

    d.  A son Chrishma SinghDerewa aged 28 a resident of Mclean Virginia USA. and a citizen of the USA.

        e.  A granddaughter Arya Singhderewa Scaffer aged 3 a resident of Boulder Colorado USA and a citizen of the USA.

    f.  A granddaughter Solara Singhderewa, aged 6 a resident and citizen of Costa Rica.

    g.  N_Life Inc. a Delaware Corporation and the holder of the plaintiff's western hemisphere intellectual property Rights

    h.  Sarah- James an Australian Company holding the pacific region Intellectual Property Rights under the US patent.

    i.  Rajendra Singh Estate holding the real estate and intellectual property rights of Rajendra Singh, Gurvir Inder Singh and the plaintiff.

        i.  B-21 West End New Delhi India

        ii.  A8/10 Vasant Vihar New Delhi India

        iii.  Rajmahal Amritsar     India

        iv.  Rajmahal Rae Bareilly    India

        v.  Agricultural Estate in Harchandpur, Bala, Rae Bareilly UP India.

12. The defendants, per 28 U.S.C §1330 (a)(b) United Nations, having an office in New York and in the District of Columbia is the creator of

    i.  Universal Declaration of Human Rights

    ii.  The Declaration of Basic Principles of Justice for Victims of Crime and Power

    iii. The Convention against Torture and other Cruel, Inhuman or Degrading Treatment of Punishment.

    iv. International Convention on the protection of the Rights of all migrant workers and members of their families

    v.  United Nations Rules for the Protection of the Juveniles Deprived of Liberty

    vi. Declaration on the Right and Responsibility of Individuals, Groups, and Organs to Promote and Protect Universally Recognized Human Rights and Fundamental Freedoms.

    vii. International Covenant on Civil and Political Rights

    viii. Child Right Conventions,

13. The defendant  per 28 U.S.C §1330 (a)(b) Australia, is a freely elected democracy within the Commonwealth of Nations, whose constitution is based on the United States of America and mirrors the Constitutional Freedoms of the United States of America and United Nations and is a signatory to all of Universal Guarantees of the United Nations and continues to torture and keep separated father and child, incommunicado, for over two years and continues to maliciously cause intense emotional duress.

14. The Commonwealth of Australia has a pattern of flaunting the laws of society and civilized nations. In the early 50s with South Africa, Australia adopted a White Only policy, which was apartheid in nature. During the Iraq war while

the plaintiff's children were being selected to go to war with Saddam Hussein, the Commonwealth of Australia was selling Wheat through the Australian Wheat Board, with contact with the USA, to the Enemy of the United States of America. The defendant Commonwealth of Australia then in collusion with BHP BILLITON, with contact in the USA and Tigris Oil, Removed Saddam Hussein's gold within the amount of USD 300 million and under cover of dark during a war and sent it to Jordan. The defendants in Violations of the (TWEA) TRADING WITH THE ENEMY ACT 1917 and U.S.C. Title 50 WAR AND NATIONAL DEFENSE and see evidence in under Volcker Report still have failed to state that the gold was smuggled out of Iraq and into the Perth Mint in Western Australia. The defendant has children in detention in various centers within Australia in violation of all international laws. The defendant has been accused of throwing Indonesian and Afghanistan Children after being rescued into the sea to die and perish. The defendant has created a LOST GENERATION of Aborigine Families and have trafficked this indigenous child population all around the world. The defendant has a history and Pattern of Human Right Abuse. While trading with the enemy present Ambassador of the defendants was Director General of Australian Security (ASIO) and had access to top CIA AND NSA AND DOD secrets downloaded on a United States Property in Alice Springs, Australia. Yet the defendant traded with the enemy.

15. The defendant, 28 U.S.C §1330 (a),(b) Union of India is based on a Constitutional System based almost entirely on the United States Pattern of freedoms. This defendant became a Republic in 1948. The defendant is notorious for money laundering, and its association with the KGB in Russia. The leading University, Harvard Professor Reports that the Powerful Gandhi family has been funded by the KGB and holds accounts in Bank of America in the Cayman Islands in the Amount of several billions of USD in violation of the Kennedy-Landrum-Griffinn Act (29 U.S.C. 504) (see also 203,291).    The defendant is accused of trading with the Enemy of the United States Violations of the (TWEA) TRADING WITH THE ENEMY ACT 1917 and U.S.C. Title 50 WAR AND NATIONAL DEFENSE and see evidence in the Volcker Report (See Penalties for false disclosure and non disclosure) and traded oil for food in the Amount 200 million USD placed in her control. The defendant is involved in an international Arms trading fraud with BOFORS of Sweden and that scam gave another 200 million USD to the Gandhi family. SEE VIOLATIONS OF THE SMITH ACT COMMUNNIST AGENTS AND REGISTRATION OF FOREIGN AGENTS. Not satisfied the defendant has a scheme with the Australian Wheat Board that validated the fact that the Australian Wheat Board and Commonwealth of Australia is one and the same thing. The defendant laundered the Saddam Hussein gold taken by the BHP Billiton, into Western Australia into the Perth Mint, where the Soviet gold insignia was defaced then

sold to the defendant. The defendant has been charged with espionage in United Stated with Exports of the CIRRUS ELECTORNICS case sending Export Controlled Items to Valahbhai Nuclear Center. The defendants being agents of the KGB/FSU have entered and exited the United States as agents. The defendant has a pattern of flagrant international law violations.

16. The defendants "instigated, orchestrated, planned, and facilitated by the defendants, under the direction of the defendants," who have "provided money, and logistical support and participated in the fabrication of policies and laws . . . , and bribed witnesses to give testimony." to keep held hostage a minor child and her father. After finding personal jurisdiction, the court turned to the plaintiff's argument in the Supreme Court of India that the case 447 of 2006 should be pursued in Australia or another competent court because of forum non conveniens.

17. The defendants violated the ATCA, and Torture Victim Prevention Act, 28 U.S.C. §1350 App, and so the plaintiff argues for keeping the case in the United States.

18. The defendants continuing deliberate torture of the family and that deliberate torture perpetrated under the color of official authority, violates universally accepted norms of international human rights law, and that such a violation of international law constitutes a violation of the domestic law of the United States, giving rise to a claim under the ATCA whenever the perpetrator is

properly served within the borders of the United States. More recently, it is held in [*Kadic v. Karadzic*] that the ATCA reaches the conduct of private parties provided that their conduct is undertaken under the color of state authority or violates a norm of international law that is recognized as extending to the conduct of private parties.

19. The defendant's inhumane treatment and torture coupled with the complete violations of the Child Rights Conventions among others and the continued collusion, corruption between the defendants, where in passing the Torture Victim Prevention Act {TVPA], Congress expressly ratified the holding in *Filartiga* that the United States courts have jurisdiction over suits by aliens alleging torture under color of law of a foreign nation, and carried it significantly further. While the 1789 Act expressed itself in terms of a grant of jurisdiction to the district courts, the 1991 Act (a) makes clear that it creates liability under U.S. law where under "color of law, of any foreign nation" an individual is subject to torture or "extra judicial killing," and

   1. (b) extends its remedy not only to aliens but to any "individual," thus covering citizens of the United States as well. [ ] The TVPA thus recognizes explicitly what was perhaps implicit in the Act of 1789-- that the law of nations is incorporated into the law of the United States and that a violation of the international law of

human rights is (at least with regard to torture) ipso facto a violation of U.S. domestic law. [ ]

20. In the United States itself, the defendants using Taxpayers money, The United Nations, has accepted in its Membership both India and Australia, where under Chapter 1 Article 2 UN CHARTER (1through7) it has maintained that two member states in order to maintain their membership will

    a. "All Members, in order to ensure to all of them the rights and benefits resulting from membership shall fulfill in good faith the obligations assumed by them in accordance with the present charter" and the defendant have persistently violated the requirements of the membership and pursuant to Article 6 have not been expelled.

21. While enjoying the benefits of the exclusive club even the United States and the defendants are bound by  Chapter IX Article 55 of the United Nations Charter, which has instructed its member to

    a. With a view to the creation of conditions of stability and well-being which are necessary for peaceful and friendly relations among nations based on respect for the principle of equal rights and self-determination of peoples, the United Nations shall promote:

    i.  higher standards of living, full employment, and conditions of economic and social progress and development;

    ii.  solutions of international economic, social, health, and related problems; and international cultural and educational cooperation; and

    iii.  . Universal respect for and observance of, human rights and fundamental freedoms for all without distinction as to race, sex, language, or religion..

        iv.  the defendants have instead taken all the property of the plaintiff and kidnapped and held hostage and concealed his minor child.

21. The defendants in Chapter X Article 62 of the UN CHARTER has maintained that it may make recommendations for the purpose of promoting respect for, and observance of, human rights and fundamental freedoms for all and has consistently abused harassed and discriminated against the Plaintiff in violation of the United States.

22. Then the defendants have established under Chapter XIV Article 93 UN CHARTER an International Court of Justice and the defendants in collusion have blocked the Plaintiff from being represented in the International Court of Justice being that these applications be lodged by the state and as required by the Supreme Court of India 447 of 2006 directions "any competent court."

23. The defendants are required under Chapter XVI Article 103 UN CHARTER to have registered any special deal between its members and defendants Australia and India have colluded to violate the Fundamental, Torture and Human and Child Rights of the Plaintiff and failed to register a Delhi High Court Order of Judge Anil Kumar 15018 of 2006 states that these permitted violations being a special deal allowing torture, kidnap, hostage taking, will not be interfered with giving justice to the plaintiff. The defendants continue to aid and abet in a kidnap and hostage taking and terrorism.

24. Then the Defendants have colluded with it members Australia and India and denied the Plaintiff all the provisions of the Universal Declarations of Human Rights even though being aware , and their members being aware, that the National Human Right Commission in India has passed a direction that the actions of the defendants are "unjustifiable".

25. Then the defendants as of the United Nations per Chapter II Article 34,UN Charter, operating within the boundaries of the United States, members India and Australia have colluded to deny the Plaintiff access to the International Court of Justice ,International Court of Justice, Peace Palace, 2517 KJ The Hague The Netherlands, Telephone (31) (0)70 302 23, Tealeaf (31) (0)70 364 99 28, Telex 32323, information@icj-cij.org, webmaster@icj-cij.org although repeated requests have been made and the members are aware of the Supreme Court of India Order in case number 447 of 2006 which gives directions to the

Plaintiff that he may approach any competent court as India could not establish jurisdiction.

26. Then the defendants have established the International Criminal Court and Po Box 19519, 2500 CM, The Hague, The Netherlands, Tel: + 31 (0)70 515 8515 Fax: +31 (0)70 515 8555 and the defendants knowing fully well that the issues framed by the Plaintiff contain allegations of torture and other allegations of criminal nature have colluded with the members to violate the Supreme Court Order of India and the National Human Rights Direction to Australia that the actions of the state actors is "unjustifiable". The defendants have colluded to deny plaintiffs access.

27. Then the defendants have established through the Child Rights Convention a massive set of protections and the defendants have colluded with the member Australia and India to deny the entire convention protections to the Plaintiffs.

28. The defendants have pledged that one of its MAIN functions is to provide to citizens of the world a "paramount" protection or a protection of the best interests of the plaintiff's child NARA. The defendants instead of providing what is paramount/vital and that this service is provided instantly and immediately to the plaintiff's in this matter have maliciously failed to provide this "paramount protection" which constitutes a gross violation the child's rights and fraud upon its citizens and the in denying plaintiff these services, has discriminated in the application of its services too the plaintiffs..

29. Defendants have extracted a huge budget from the citizens of the world to look for the output of service, which being the paramount protection" in the best interest of the child. The defendants have provided no output of service and the defendants have gross negligence of failing to provide this output of service is fraud on the plaintiff and the citizens of the world holding that kidnap, hostage taking, concealing with court orders a minor from his father is in the "best interest".

30. The Defendants have extracted money and entered into an International transaction, which has been debated hard and long and has emerged with the "paramount" interests of the child being recognized in Australia and India and this plaintiff is being denied that position at this very moment, and the matter being decided in a National Human Rights Commission that the actions are "unjustifiable" and this court should not even for a moment longer hesitate to compel the defendants for an immediate solution of reunification NOW without the waste of another second and the violation of my fundamental Rights.

31. The defendants have maliciously and wantonly colluded to provide no action, knowing, where this child has the right to enjoy, to the maximum extant possible, development and recovery from past trauma CRC (articles 6(2), (39). and have with gross negligence interfered with the reunification of the child's father immediately and the defendants in denying plaintiffs the services, has

discriminated and violated the fundamental Rights in the application of its services to plaintiff..

32. The defendants have caused this plaintiff's child, a minor of 5 years old, suffering from physical and mental violence and the plaintiff requests that the defendants be compelled to provide the output of services that restore the plaintiff to "paramount" position immediately as pursuant to actions concerning children are which are essentially based on protection from all forms of physical and mental violence (article 19) CRC and the defendants in denying plaintiff the services, due to my child's age has discriminated in the application of its services and violated my fundamental and Civil Rights.

33. The defendants has caused, plaintiff mental and physical battery by making vanish the plaintiff's daughter one for the other for a lifetime.

34. The defendants has by making plaintiff's daughter vanish has deprived plaintiff of the quality of life with his daughter. Thus violate the Fundamental Rights.

35.   The defendants by making disappear my daughter has caused assault and battery upon plaintiff's person and put me in fear that I will never see plaintiff's daughter again in plaintiff's life. thus violate the Fundamental Rights guaranteed under the Constitution of United States of America.

36. The defendants by making vanish the plaintiff's daughter, the plaintiff's inheritance and property has attracted International Litigation and litigation

trespass on the plaintiff's life and has caused a fear of a lifetime of litigation without consortium between father or daughter.

37. The defendants by making vanish the plaintiff's minor daughter and keeping her vanished has deprived the plaintiff of his right to enjoy life between father, and child and have violated the right to left alone with plaintiff's father and child and usurped , right to the liberty to be with plaintiff's father and daughter and has interfered with every tangible and intangible form of possession I have or will ever

## STATEMENT OF FACTS

38. The plaintiff lodged, on April 3rd 2005, electronically from India, several police reports of child abduction and kidnap with both Surfer's Paradise Police and Southport Police in Queensland Australia, and with McLean NSW and Police Minister of NSW Australia, among others, and the defendants were made aware of the plaintiff's child, a minor, girl of 3 years old  being abducted by April 5th 2005 and thereafter.

39. The plaintiff lodged numerous complaints with the Australian Federal Police in Australia.

40. The plaintiff then went to the defendants to get help to return to Australia in an Emergency and was instructed that he will never see his child again what ever he may try.

41. The defendants then conspired, using emails of passport documents and other documents to change the identity of plaintiff's minor child and to remove the plaintiff's child from Australia to New Zealand, if he looked for his child and colluded with local citizens to conceal the minor who has never been seen again by the plaintiff.

42. The defendants willful, wanton, malicious, fraudulent and deceitful acts and conduct have kept estranged the family, father from the minor child in violation of the Child Rights Convention and Universal Human Rights Guarantees and in about late April 2005 the plaintiff filed a Human Rights Complaint with the National Human Right Commission against the State Actors of Australia and others.

43.    The plaintiff then noted that the defendants in collusion, while the Human Rights Direction 57183/CR/2005 observed that the defendant's action were "unjustifiable" actions, against the plaintiff, cavorted one with the other drank, whiskey and wine and bribed each other with first class tickets back and forth to Australia, paraded in limousines spent several million USD on children's events in Delhi and Melbourne Australia, although not one of the defendants had either a child parented with multi cultural parents in Australia or India or America and the defendants colluded with media and within itself to make sure the plaintiff was shunned would not attend any functions. The defendants retaliated for the filing of a Human Rights Complaint 57183/CR/2005.

44. .One of the difficulties that confronts the plaintiff as a victim of torture under color of a nation's law is the enormous difficulty of bringing suits to vindicate such abuses and 57183/CR/2005 was transferred to the Sydney Human Rights and Equal Opportunity Commission which has systematically tried to derail the matter as it involves state actors, and has after hundreds of requests refused to give an opinion, directions or table the question before the parliament of Australia as required by its own charter.

45. The victim, the plaintiff, because they assert outrageous conduct on the part of another nation, such suits may embarrass the government of the nation in whose courts they are brought. Finally, because characteristically neither the plaintiffs nor the defendants are ostensibly either protected or governed by the domestic law of the forum nation, courts often regard such suits as "not our business."

46. Then the a Habeas Corpus for the production of the plaintiff's child was filed in the Supreme Court of India ,in case No. 447 which taking into considerations the filing in the National Human Rights directed the plaintiff to go to Australia and file a habeas corpus there and allowed the plaintiff a filing in all courts in the WORLD but claimed "not our business.".

47. The defendants have a membership in civilized society and yet they continue to think they can do whatever they want to whoever they want. The defendant's pattern of behavior flaunts all the laws of civil society. Even so far as, with the whole world watching America, go to war and send her own

children into harms way these defendants were trading with the enemy and flaunting mankind, and aiding and abetting a terrorist. nation See Volcker Report.

48. In July 2005 The office of the Commissioner of Human Rights, the defendants Involuntary Disappearance was approached and a case was filed as defendants are state actors  and the defendant failed to even reply and continued providing wrong phone number and email sites for the complaint mechanism as "not our business."

## COUNT BATTERY

49.  All the Plaintiffs incorporate herein by reference all paragraphs above as if fully set forth at length.

50.  Defendants have caused, plaintiff mental and physical battery by making vanish plaintiff's daughter one for the other for a lifetime or any time and per Title 18 Chapter 213 §3283.

51. The defendants by making disappear plaintiff's daughter has caused assault and battery upon plaintiff's person and put plaintiff fear that he will never see plaintiff's daughter again in plaintiff's life. thus violate the Fundamental Rights guaranteed under the Constitution of United States of America.

52. The Courts in Queensland having located through BRM 2382/2006 an opportunity to be reunified with plaintiff's father /daughter and the defendants in collusion have created an assault and battery on plaintiff's person by forcing plaintiff's father and plaintiff's daughter to remain vanished.

53. No plaintiff named consented to this battery and un permitted removal of the child from his father and the un permitted touching of plaintiffs by the defendants.

54. The defendants acting as agents of India, Australia and the United Nations performed acts within the scope of of their agency which provided material support too the kidnappers and hostage taker. These acts caused the battery of the plaintiffs. Defendants are therefore jointly and severally liable for damages under applicable law, including, Connecticut, Florida, New York State and the District of Columbia, through the operation of 28 U.S.C. §1606 and through respondent superior.

55. All the defendants are directly or vicariously responsible for their actions or the actions of the co defendants because the controlled and acted inn concert to deny the family opportunities too reunify and kept one concealed from the other in a hostage and kidnapped situation in violation of USC Title 18 Part 1 CHAPTER 55 § 1203

56. **WHEREFORE**, Plaintiffs demand that judgment be entered against all Defendants, jointly and severally, in an amount too be determined by the court,

but no less than FIFTY MILLION ($50,000,000.00) US Dollars to each plaintiff.

## COUNT II ASSAULT

57. All the Plaintiffs incorporate herein by reference all paragraphs above as if fully set forth at length.

58. During the time the plaintiff has been held hostage from his minor child and the plaintiff's minor child has been concealed from the plaintiff the defendants have put them in fear of their lives one for the other. and in apprehension of immediate physical harm.

59.  At the time and now it is obvious to all plaintiffs that they were subject to imminent physical harm and injury.  The plaintiffs were put in fear of their lives and were subjected too fear, emotional pain and physical suffering.

60. Separate damages for assault should also be available to Plaintiffs under the Torture Victim Protection Act of 1991, Pub. L. 102-256 (reprinted at U.S.C.A §1350 note) for the assault on each plaintiff during this prolonged hostage and kidnap situation

61. The defendants acting as agents of India, Australia and the United Nations performed acts within the scope of their agency which provided material support too the kidnappers and hostage taker.  These acts caused the battery of the plaintiffs.  Defendants are therefore jointly and severally liable for damages

under applicable law, including, Connecticut, Florida, New York State and the District of Columbia, through the operation of 28 U.S.C. §1606 and through respondent superior.

62. All the defendants are directly or vicariously responsible for their actions or the actions of the co defendants because the controlled and acted inn concert to deny the family opportunities too reunify and kept one concealed from the other in a hostage and kidnapped situation in violation of USC Title 18  Part 1 Chapter 113B §2332b.

63. **WHEREFORE**, Plaintiffs demand that judgment be entered against all Defendants, jointly and severally, in an amount too be determined by the court, but no less than FIFTY MILLION ($50,000,000.00) US Dollars to each plaintiff.

## COUNT III

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

64. All the Plaintiffs incorporate herein by reference all paragraphs above as if fully set forth at length.

65. Defendants' intentional, reckless, and extreme and outrageous conduct on caused extreme, severe emotional distress to Plaintiffs, and upon members of

their family. These acts were undertaken by all said Defendants for the purpose of causing mental duress and suffering, upon the members of the families of any person who they were able to control in India, Australia or injure or hold hostage in this world.

66. . The Plaintiffs enduring this hostage taking and continued kidnap and those and suffering injuries, endured torture, shock, trauma to their nervous systems, pain, suffering, and battery. and will forever suffer in the future severe and permanent psychiatric disorders, emotional distress and anxiety, permanent psychological distress, and permanent mental impairment requiring ongoing and long-term expenses for medical services, care, and counseling, as well as other economic losses, due to the intentional, reckless, wanton and extremely outrageous conduct of the Defendants. This hostage taking and kidnap was undertaken in deliberate disregard of the high degree of probability that emotional distress or such injuries or death would occur to Plaintiffs or their heirs and families.


## COUNT IV- ACTION FOR CIVIL CONSPIRACY

67. All named Plaintiffs incorporate herein by reference all paragraphs above as if fully set forth at length.

68. All defendants conspired with one another to commit acts of international Hostage taking and kidnap against the United States, its nationals and allies.

69. All named Defendants knowingly and willfully conspired with one another before, during and after the kidnap and hostage taking of a minor and separation from the father to sponsor Defendants and others within their territories to continue the hostage and kidnap situation.

70. The April 15th Kidnap and hostage taking was a direct, foreseeable, and intended product of the conspiracy among the Defendants to commit acts of international terrorism against the United States, its nationals and allies. Defendants willfully and deliberate conspired with one another to proximately causing the injury to the Plaintiffs.

71. Defendants and John Does 1-99, acting as agents of Australia, India and United Nations within the meaning of 18 U.S.C Part 1 Chapter 95 §1959 or. 28 U.S.C. §§1605(a)(2), (a)(5), and (a)(7) and performed acts within the scope of their agency which provided material support to Kidnappers and hostage takers. These acts caused the battery of the Plaintiffs.

72. Defendants are therefore jointly and severally liable for damages under applicable law, including Connecticut, New York, the District of Columbia, Illinois, Florida and Puerto Rico, through the operation of 28 U.S.C. § 1606, and through the doctrine of respondeat superior.

73. Defendants are officials, employees, and/or agents of United Nations, Australia and India and, within the meaning of 28 U.S.C. §1605(a)(7) and 28 U.S.C.A. §1605, who performed acts within the scope of their offices, employment and/or agencies, which provided material support and resources to the hostage takers and kidnappers and caused the battery of the Plaintiffs .

74. All Defendants are directly or vicariously liable for their actions or the actions of their co-defendants because they controlled and/or acted in concert with the ongoing hostage taking and kidnapping and in sponsoring its terrorist activities in Australia  and in providing material support to the kidnappers and hostage takers  for these activities.

75. For the reasons stated above, Defendants are jointly and severally liable to Plaintiffs, and their relatives.

76. **WHEREFORE,** Plaintiffs demand that judgment be entered against all Defendants, jointly and severally, in an amount to be determined by the court, but no less than ONE HUNDRED AND FIFTY MILLION ($150,000,000.00) US Dollars for each of them on this Count IV,and their costs expended, plus interest.

## COUNT V: 18 U.S.C. § 1962(a) and (d) – CIVIL RICO

77. . All named Plaintiffs incorporate herein by reference all paragraphs above as if fully set forth at length.

78. Defendants knowingly and willfully conspired with each other a others to plan and execute acts of international terrorism, including the hostage taking and keeping concealed with kidnapping till present.

79. To engage in these terrorist activities, each named Defendant agreed with one another to engage in a pattern of racketeering to obtain the absolute control over the family if the plaintiff worldwide.

80. . Plaintiffs were injured by Defendants through the use or investment of the income that the Defendants received from the pattern of racketeering activity to subsidize and support the extraction of budgets for children issues while providing no service.

81. Each Defendant knew the essential nature and scope of the enterprise and each Defendant intended to receive, use or invest such income for denial of service and family terrorism throughout the world in this pattern of racketeering for a corrupt and illegal purpose.

82. All named Defendants conducted, aided and abetted, either directly or indirectly, or participated in the conduct of these money raising, racketeering and other illegal activities so that training, money, intelligence, and safe haven could be provided to organizations that provide no service but the organization can live like potentates in the actual hostage taking and kidnapping are proximately causing the and injury to the Plaintiffs, their heirs and survivors.

83. But for this criminal enterprise, it is more likely that without the material aid and resources provided to co-conspirator Defendants other co-Defendants, the continuing hostage taking and kidnapping could not have taken place.

84. All Defendants knew the essential nature of the enterprise or enterprises that they were employed by or associated with, and each of the Defendants intended to participate in the affairs of the particular enterprise and enterprises of carrying out worldwide terrorist, hostage taking and kidnapping and denial of service and funding them by engaging in a pattern of racketeering which is prohibited by § 1961(4) of RICO.

85. In accordance with Fed. Civ. R. Proc. 8(e)(2), Plaintiffs allege that there were at least the following enterprises as that term is defined in §1961(4) of RICO, and the Defendants in this suit committed, aided and abetted and/or co-conspired with one another to commit violation of §1962(c) to further their objectives of global denial of service including the hostage taking and ongoing kidnap situation.

86. Each Defendant is an association in fact under this joint pattern of racketeering enterprise which affected American business activities in the U.S. and overseas, thereby further affecting interstate, foreign commerce as a direct and substantial effect on the U.S. through refractive surgery prices paid by U.S. citizens, which were higher than they otherwise would have been absent the racketeering and terrorism enterprises conducted by Defendants.

87. Each Defendant played separate and discrete roles in conceiving and carrying out its pattern of racketeering schemes to obtain denial of services in a hostage and kidnap situation and such as the provision of intelligence to favored groups; the provision of forged passports and papers and the provision of money.

88. As a consequence, each Defendant is a "person" as that term is defined in §1961(3), and engaged in "enterprises through a pattern of racketeering activity as that term is defined in §1961(1) and (5) of Title 18 of the U.S. Code 1962(a) and (d) RICO of furthering a conspiracy to commit acts of international terrorism against the United States, its nationals and allies, by Defendants engaging in a pattern of racketeering.

89. Each of the Defendants was motivated by a desire to promote international Control of the plaintiff's family and, to profit from it financially and politically, and each Defendant conducted schemes and voluntary cooperation through pattern of racketeering activity by either committing, aiding or abetting each other, their agents and other foreign groups.

90. Defendants committed violations of Title 19 of U.S. §§ 1341 and 1343 (mail and wire fraud), §1512(b)(2) (obstruction of justice) and §2314 interstate transportation offenses of 18 U.S.C.A. §1961(1) and (5) by using the U.S. mail to further terrorist schemes hostage taking and kidnap as to the plan and times of kidnap and hostage taking and to invest money or to pay it to hostage takers and kidnappers in a secret scheme against U.S. citizens and others.

91. This use of wires and mail in Defendants' racketeering effort occurred from 2005 to the present. From its racketeering profits, Defendants knowingly, intentionally and corruptly had telephones and computers used by the hostage takers and kidnappers through the use of diplomatic privileges.

92. . Defendants knowingly, intentionally and corruptly obstructed justice in violation of 18 U.S.C.A. §1512(b)(2) by keeping secret their plans and by the kidnappers and hostage takers terrorists trying to conceal or destroy their passports in order too change the identity of the plaintiff's child.

93. Part of this racketeering scheme was transporting money by fraud through interstate commerce, causing it to be transported, in concealment of this wrongful scheme, in violation of § 2314. Defendants' violation of 18 U.S.C.A. §1341, 1512 and 2314 constituted a pattern of racketeering activities as that term is defined in §1961(1) and (5) of RICO because, as stated above, these acts were interrelated and continuous.

94. Defendants' violations of these federal statutes had the same or similar purpose, results, participants, victims, or methods of commission. They were interrelated, rather than isolated events. These terrorist acts amount to repeated conduct that extends from the past to the future, with a threat of repetition. But for the filing of this complaint, these terrorist acts would and may continue indefinitely.

95. Plaintiffs have standing to sue because they have been injured in their business, property and person by reason of Defendants' violation of §1962(c) and (d) of RICO. Decedents can no longer engage in business, protect their property, or support their families economically and with love and support and companionship. Moreover, American citizens are suffering due in part to defendant terrorist and racketeering activities.

96. The damages suffered by the Plaintiffs, as described herein, were the direct and proximate result of the aforesaid pattern of racketeering activity by the Defendants, acting individually and in concert with one another in violation of 18 U.S.C. §1962(a) Civil RICO and the UN convention against transnational organized crime. Defendants performed acts within the scope of their agency which provided material support to the John Doe . Defendants' racketeering caused the injuries to the Plaintiffs.

97. Defendants are therefore jointly and severally liable for damages under applicable law, including Connecticut, New York, the District of Columbia, Illinois, Florida and Puerto Rico, through the operation of 28 U.S.C. § 1606, and through the doctrine of respondeat superior.

98. Defendants, are officials, employees, and/or agents who performed acts within the scope of their offices, employment and/or agencies, which provided material support and resources to the John Doe kidnappers, and their racketeering caused the injuries of the Plaintiffs.

99. All Defendants are directly or vicariously liable for their actions or the actions of their co-defendants because they controlled and/or acted in concert with the One another  in sponsoring its terrorist activities of kidnap and hostage taking and concealing, and in providing material support to the John Does for these activities.

100. For the reasons stated above, Defendants are jointly and severally liable to Plaintiffs, and their relatives and distributees.

101. **WHEREFORE**, Plaintiffs demand that judgment be entered against all Defendants, jointly and severally, in an amount to be determined by the court, but no less than ONE HUNDRED FIFTY MILLION ($150,000,000.00) U.S. Dollars to each Plaintiff and relative, distributee, and beneficiary.

## COUNT VI- ACTION FOR AIDING AND ABETTING

102. All named Plaintiffs incorporate herein by reference all paragraphs above as if fully set forth at length.

103. All Defendants knowingly and willfully provided substantial assistance, sponsored and partnered with each other to deliberately and maliciously commit the May 28, 2005 terrorist attack of  hostage taking and kidnapping at inn Australia within the meaning of 28 D.S.C. § 1605 (a)(7). . Defendants

aided and abetted the John Doe and each other by providing them material aid and resources.

104. Defendants John Does 1-99, acting as agents of defendants within the meaning of 18 U.S.C. 28 U.S.C. §§1605(a)(2), (a)(5), and (a)(7) note, performed acts within the scope of their agency which provided material support to Defendants' racketeering caused the injuries to the Plaintiffs.

105. Defendants are therefore jointly and severally liable for damages under applicable law, including Connecticut, New York, the District of Columbia, Illinois, Florida and Puerto Rico, through the operation of 28 U.S.C. § 1606, and through the doctrine of respondeat superior.

106. Defendants, and John Does 1-99, are officials, employees, and/or agents of Australia, India and United Nations, within the meaning of 28 U.S.C. §1605(a)(7) and 28 U.S.C.A.35, who performed acts within the scope of their offices, employment and/or agencies, which provided material support and resources to the John Does, and their racketeering caused the injuries of the Plaintiffs.

107. All Defendants are directly or vicariously liable for their actions or the actions of their co-defendants because they controlled and/or acted in concert with the hostage taking and continuity kidnap in sponsoring its terrorist activities at Gold Coast inn Queensland in providing material support to the John Does for these activities.

108. For the reasons stated above, Defendants are jointly and severally liable to Plaintiffs , and their relatives and distributees.

109. **WHEREFORE**, Plaintiffs demand that judgment be entered against all Defendants, jointly and severally, in an amount to be determined by the court, but no less than FIFTY MILLION ($50,000,000.00) U.S. Dollars for each of them, for compensatory and punitive damages and for costs expended, plus interest.

### COUNT VII: WILLFUL AND WANTON MISCONDUCT

110. All named Plaintiffs incorporate herein by reference all paragraphs above as if fully set forth at length.

111. The May 28, 2005 attack on plaintiff by taking hostage his child and holding as kidnapped was a direct, intended and foreseeable product of a larger conspiracy among the Defendants to commit acts of international terrorism against the United States, its nationals and allies.

112. Defendants negligently, intentionally, recklessly, willfully and wantonly breached duties of care owed to the Plaintiffs to use care and the diligence not to interfere with another sovereign so families can be safe can be safe and not to invade homes where families are reared which occurs in foreign states and perform terrorist extra judicial kidnap and hostage taking torture

and terrorism or harm the human rights and fundamental freedom of U.S. citizens under international and U.S. law and their constitutional rights and liberties.

113.. Defendants and John Does 1-99, acting as agents of UN and Australia and India within the meaning of 18 performed acts within the scope of their agency which provided material support to the Does 1-99.

114.Defendants' racketeering caused the injuries to the Plaintiffs. Defendants are therefore jointly and severally liable for damages under applicable law, including Connecticut, New York, the District of Columbia, Illinois, Florida and Puerto Rico, through the operation of 28 U.S.C. § 1606, and through the doctrine of respondeat superior.

115. Defendants and John Does 1-99, are officials, employees, and/or agents who performed acts within the scope of their offices, employment and/or agencies, which provided material support and resources to the JRA, and their racketeering caused the injuries of the Plaintiffs.

116.All Defendants are directly or vicariously liable for their actions or the actions of their co-defendants because they controlled and/or acted in concert with the Does 1-99in sponsoring its terrorist activities in Australia, and in providing material support to the Does 1-99for these activities.

117. For the reasons stated above, Defendants are jointly and severally liable to Plaintiffs, and their relatives and distributees.

118. **WHEREFORE**, Plaintiffs demand that judgment be entered against all Defendants, jointly and severally, in an amount to be determined by the court, but no less than FIFTY MILLION ($50,000,000.00) U.S. Dollars for each of them, for compensatory damages and for costs expended, plus interest.

## COUNT VIII: LOSS OF CONSORTIUM AND SOLATIUM

119.. All Plaintiffs incorporate herein by reference all paragraphs above as if fully set forth at length.

120.. As direct and proximate result of the willful, wrongful, intentional and reckless acts of the Defendants, surviving Plaintiffs suffered permanent injury to and interference with their family relationships and were otherwise injured and damaged until the time of the separation by the loss to Plaintiffs of their right of consortium and/or solatium.

121. Defendants  and John Does 1-99, acting as agents of United Nations, Australia and India within the meaning of 18 U.S.C. performed acts within the scope of their agency which provided material support to hostage takers and kidnappers

122. Defendants' racketeering caused the injuries to the Plaintiffs. Defendants are therefore jointly and severally liable for damages under applicable law, including Connecticut, New York, the District of Columbia, Illinois, Florida

and Puerto Rico, through the operation of 28 U.S.C. § 1606, and through
the doctrine of respondeat.

123. **WHEREFORE**, Plaintiffs demand that judgment be entered against all
Defendants, jointly and severally, in an amount to be determined by the
court, but no less than FIFTY MILLION ($50,000,000.00) U.S. Dollars for
each of them, for compensatory damages and for costs expended, plus
interest.

## COUNT IX PUNITIVE DAMAGES

124. All the Plaintiffs incorporate herein by reference all paragraphs above as if
fully set forth at length.

125. Defendants have caused, plaintiff mental and physical battery by making
vanish plaintiff's daughter one for the other for a lifetime or any time and
per Title 18 Chapter 213 §3283.

126. The actions of all the Defendants, acting in concert to carry out their
unlawful objectives, were malicious, and in willful, wanton and reckless
disregard for the rights of Plaintiffs. The defendants, acting individually
and jointly, intend to carry out such actions which were and are calculated
too result in the life death sentence between father and his child of 5 years
old held hostage and concealed kidnapped in Australia, The actions
sponsored and materially supported by the Defendants were undertaken at
such a time, and in such a manner, by those responsible individuals, who
were operating for, and in the service of the Defendants and therefore
directly and vicariously liable to the plaintiff.

127. The defendants by making disappear plaintiff's daughter has caused assault and battery upon plaintiff's person and put plaintiff fear that he will never see plaintiff's daughter again in plaintiff's life. thus violate the Fundamental Rights guaranteed under the Constitution of United States of America.

128. The Courts in Queensland having located through BRM 2382/2006 an opportunity to be reunified with plaintiff's father /daughter and the defendants in collusion have created an assault and battery on plaintiff's person by forcing plaintiff's father and plaintiff's daughter to remain vanished.

129. No plaintiff named consented to this battery and un permitted removal of the child from his father and the un permitted touching of plaintiffs by the defendants.

130. The defendants acting as agents of India, Australia and the United Nations performed acts within the scope of of their agency which provided material support too the kidnappers and hostage taker. These acts caused the battery of the plaintiffs. Defendants are therefore jointly and severally liable for damages under applicable law, including, Connecticut, Florida, New York State and the District of Columbia, through the operation of 28 U.S.C. §1606 and through respondent superior.

131. All the defendants are directly or vicariously responsible for their actions or the actions of the co defendants because the controlled and acted inn concert to deny the family opportunities too reunify and kept one concealed from the other in a hostage and kidnapped situation in violation of USC Title 18 Part 1 CHAPTER 55 § 1203

132. **WHEREFORE,** Plaintiffs demand that judgment be entered against all Defendants, jointly and severally, in an amount too be determined by the court, but no less than THREE HUNDRED MILLION ($300,000,000.00) US Dollars to each plaintiff.

### ADDITIONAL RELIEF REQUSTED

133. The plaintiffs request leave of court to amend this complaint as the interests of justice require.

### JURY TRIAL DEMANDED

134. A jury trial is demanded for all the defendants except for those a jury trial are not available under the law.

RESPECTFULLY SUBMITTED

JUGVIR INDER SINGH

pro se

Plaintiff

4409 Hoffner Suite 405

Orlando, FL 32818

telephones: 5714268522

email:singhderewa@lycos.com



JUGVIR INDER SINGH

pro se

Plaintiff

SINGHDEREWA ESTATE

4409 Hoffner Suite 405

Orlando, FL 32818

telephones: 5714268522

email:singhderewa@lycos.com

DATED: 20 06 6/ 07

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America

that the forgoing is true and correct.  Executed on:

signature: JUGVIR INDER SINGH

pro se

Plaintiff

## CERTIFICATION OF SERVICE

A paper copy has been served upon the defendants, Commonwealth of Australia,

Union of India, and the to United Nations at **Mr. Nicolas Michel, Under-**

**Secretary-General, The Legal Counsel, United Nations Headquarters, Room**

**No. 3427A, New York, NY 10017 Fax: (+1)(212)963-3386** by Wire, fax, and mail

and email this June 19  2007.


                                        JUGVIR INDER SINGH

                                                    pro se

                                                 Plaintiff

                                        telephones: 5714268522

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

07-1170
JDB

### I. (a) PLAINTIFFS

*Jagvir I. Singh*

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

*Pro Se    N/P*

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

### DEFENDANTS

*Commonwealth of Australia*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

Case: 1:07-cv-01170
Assigned To : Bates, John D.
Assign. Date : 6/29/2007
Description: Civil Rights-Non-Employ.

JURY ACTION

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☑ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ A. Antitrust | ☐ B. Personal Injury/ Malpractice | ☐ C. Administrative Agency Review | ☐ D. Temporary Restraining Order/Preliminary Injunction |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>Social Security:<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>Other Statutes<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

### ☐ E. General Civil (Other)  OR  ☐ F. Pro Se General Civil

| Real Property | Bankruptcy | Forfeiture/Penalty | |
|---|---|---|---|
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent, Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>Prisoner Petitions<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 610 Agriculture<br>☐ 620 Other Food &Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 RR & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 470 Racketeer Influenced & Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Satellite TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 900 Appeal of fee determination under equal access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |
| Personal Property<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | Property Rights<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>Federal Tax Suits<br>☐ 870 Taxes (US plaintiff or defendant<br>☐ 871 IRS-Third Party 26 USC 7609 | Other Statutes<br>☐ 400 State Reapportionment<br>☐ 430 Banks & Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation | |

| ☐ G. Habeas Corpus/ 2255 | ☐ H. Employment Discrimination | ☐ I. FOIA/PRIVACY ACT | ☐ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. Labor/ERISA (non-employment) | ☐ L. Other Civil Rights (non-employment) | ☐ M. Contract | ☐ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☒ 440 Other Civil Rights ☐ 445 American w/Disabilities- Employment ☐ 446 Americans w/Disabilities- Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ Multi district Litigation | ☐ 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $**   Check YES only if demanded in complaint **JURY DEMAND:** ☐ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES  ☒ NO   If yes, please complete related case form.

DATE 6·29·07   SIGNATURE OF ATTORNEY OF RECORD   DCD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.