# UNITED STATES DISTRICT COURT

# FOR THE

# DISTRICT OF COLUMBIA

JUGVIR INDER SINGH AND ANTHR    .        CIVIL ACTION NO. 07-1170


VS.                    JUDGE: JOHN D. BATES

COMMONWEALTH OF AUSTRALIA

AND OTHERS

MOTION FOR ENLARGEMENT OF
TIME TO FILE OPPOSITION TO
DISPOSITIVE ANSWER


### MOTION OF PLAINTIFS FOR THE ENLARGEMENT TIME TO FILE OPPOSITION DISPOSTIVE PLEADINGS

Plaintiffs, Pro Se, pursuant to Rule 6(b)(1) of the Federal Rules of Civil Procedure, hereby moves twenty (20) day enlargement of time from September 13th 2007 to October 5th, 2007 within which to file opposition to dispositive motion of the defendant United Nations and in support thereof, sets forth th following points.


### Points and Authorities

1. On or about 5th July 2007 the United Nations acknowledgment receipt of

summons and complaint sent out by this court pursuant to Fed Rule of Civil

Procedure Rule 4(d). The defendant United Nations, executed the receipt of the

summons and filed a dispositive pleading in the form of an answer with this court

on or about 2007.

2. Pursuant to LcvR  7 (l) &(m) the plaintiffs certify that on several occasions  he

   placed telephone calls to both Commonwealth of Australia and defendant United

   Nations.

3. Although the Opposing party Comm wealth of Australia states in it motion for the

   enlargement of Time, that the plaintiff has failed to return undersigned call

   Exhibit 1 will show that the defendant Commonwealth of Australia has received

   several calls and a spoliation letter Exhibit 2, a non waiver request (exhibit 3) and

   a request for discovery.

4. Being that the defendant United Nations answer is dispositive, and  the defendants

   complex litigation premise was sent in violation of L.Civ Rule 7 (l) and (m) and

   maliciously failed to meet and confer prior to filing this said motion thee plaintiffs

   move for an enlargement of time.

5. The defendant Union of India has defaulted and has not answered

Jugvir Inder Singh

Pro Se

I hereby certify that the Motion for the Enlargement of time to file opposition to the dispositive answer of the defendant United Nations has been served by ECF to the Union of India Embassy of India, Mr. Rarendra Sen 2107 Massachusetts Avenue, NW Washington DC., United Nations, UN Headquarters Mr. Nicholas Michel, Under Secertary General, Room 3427 A First Avenue at 46th Street, New York, NY 10017, and Commonwealth of Australia counsel John E. Prominski

pro se

Jugvir Inder Singh

# Exhibit 1

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUGVIR INDER SINGH | CIVIL ACTION NO. 07-11-70 |
| 4409 Hoffner Suite 405 | |
| Orlando, FL 32818 | |
| telephones: 5714268522 | |
| email:singhderewa@lycos.com | |
| JUGVIR INDER SINGH | JUDGE: John Bates |
| AS INDIVDUAL AND HEAD OF | |
| THE ESTATE OF THE | |
| SINGHDEREWA FAMILY | |
| 4409 Hoffner Suite 405 | |
| Orlando, FL    32812 | |
| telephones: 5714268522 | |
| email:singhderewa@lycos.com | |
| **PLAINTIFFS** | |
| | |
| **VERSUS** | |

**COMMONWEALTH OF AUSTRALIA**

EMBASSY OF Australia

DENNIS JAMES RICHARDSON

1601 Massachusetts Ave, NW

Washington DC 20036 –

Telephone: (202) 797 3000
Fax: (202) 797 3168

**UNION OF INDIA**

EMBASSY OF INDIA

Mr. Rarendra Sen

2107 Massachusetts Avenue,  N.W.,

Washington D.C.

USA - 20008

Phone: (202) 939-7000

Fax: (202) 265-4351

**UNITED NATIONS**

UN Headquarters

Mr. Nicolas Michel,

Under-Secretary-General,

The Legal Counsel,

ROOM 3427A

First Avenue at 46th Street

New York, NY 10017

**Tel (212) 963-1234**
TEL (212)963-5012

And John Does
1-99

**DEFENDANTS**

# spoliation letter to opposing counsel

[09/03/07]ATTEANTION:

[Mr. John E. Prominski
Tysons Corner Office
1751 Pinnacle Drive
Suite 500
McLean, Virginia 22102-3833
Direct Number: 703.610.8653
Main Number: 703.903.9000
Fax Number: 703.610.8686
Cell Number: 703.725.6731
jprominski@milesstockbridge.com

## re: [matter (, JUGVIR INDER SINGH AND ANR. v. COMMONWEALTH OF AUSTRALIA AND OTHRS.]

Dear: Mr. John E. Prominski,

By this letter, you and your client are hereby given notice not to destroy, conceal or alter any paper or electronic files and other data generated by and/or stored on your client's, COMMONWEALTH OF AUSTRALIA, computers and storage media (e.g., hard disks, floppy disks, backup tapes), or any other electronic data, such as voice mail. As you know, your client's COMMONWEALTH OF AUSTRALIA, failure to comply with this notice can result in severe sanctions being imposed by the Court {and liability in tort} for spoliation of evidence or potential evidence.

Through discovery we expect to obtain from you a number of documents and things, including files stored on your client's COMMONWEALTH OF AUSTRALIA, computers and your client's COMMONWEALTH OF AUSTRALIA, computer storage media. {As part of our initial discovery efforts, you [are hereby served with/will soon receive] [initial/supplemental] interrogatories and requests for documents and things.}

In order to avoid spoliation, you will need to provide the data requested on the original media. Do not reuse any media to provide this data.

Although we may bring a motion for an order preserving documents and things from destruction or alteration, your client's COMMONWEALTH OF AUSTRALIA,  obligation to preserve documents and things for discovery in this case arises in law and equity independently from any order on such motion.

Electronic documents and the storage media on which they reside contain relevant, discoverable information beyond that which may be found in printed documents.  Therefore, even where a paper copy exists, we [seek/will seek] all documents in their electronic form along with information about those documents contained on the media. We also [seek/will seek] paper printouts of only those documents that contain unique information after they were printed out (such as paper documents containing handwriting, signatures, marginalia, drawings, annotations, highlighting and redactions) along with any paper documents for which no corresponding electronic files exist. Our discovery requests [ask/will ask] for certain data on the hard disks, floppy disks and backup media used in your client's {clients'} computers, some of which data are not readily available to an ordinary computer user, such as "deleted" files and "file fragments." As you may know, although a user may "erase" or "delete" a file, all that is really erased is a reference to that file in a table on the hard disk; unless overwritten with new data, a "deleted" file can be as intact on the disk as any "active" file you would see in a directory listing.

Courts have made it clear that all information available on electronic storage media is discoverable, whether readily readable ("active") or "deleted" but recoverable. See, e.g., Easley, McCaleb & Assocs., Inc. v. Perry, No. E-2663 (Ga. Super. Ct. July 13, 1994; "deleted" files on a party's computer hard drive held to be discoverable, and plaintiff's expert was allowed to retrieve all recoverable files); Santiago v. Miles, 121 F.R.D. 636, 640 (W.D.N.Y. 1988; a request for "raw information in computer banks" was proper and obtainable under the discovery rules); Gates Rubber Co. v. Bando Chemical Indus., Ltd., 167 F.R.D. 90, 112 (D. Colo. 1996; mirror-image copy of everything on a hard drive "the method which would yield the most complete and accurate results," chastising a party's expert for failing to do so); and Northwest Airlines, Inc. v. Teamsters Local 2000, et al., 163 L.R.R.M. (BNA) 2460, (USDC Minn. 1999); court ordered image-copying by Northwest's expert of home computer hard drives of employees suspected of orchestrating an illegal "sick-out" on the Internet).

Accordingly, electronic data and storage media that may be subject to our discovery requests and that your client{s} are obligated to maintain and not alter or destroy, include but are not limited to the following:

## Introduction: description of files and file types sought

All digital or analog electronic files, including "deleted" files and file fragments, stored in machine-readable format on magnetic, optical or other storage media, including the hard drives or floppy disks used by your client's {clients'} computers and their backup media (e.g., other hard drives, backup tapes, floppies, Jaz cartridges, CD-ROMs) or otherwise, whether such files have been reduced to paper printouts or not. More specifically, your client{s} is {are} to preserve all of your e-mails, both sent and received, whether internally or externally; all word-processed files, including drafts and revisions; all spreadsheets, including drafts and revisions; all databases; all CAD (computer-aided design) files, including drafts and revisions; all presentation data or slide shows produced by presentation software (such as Microsoft PowerPoint); all graphs, charts and other data produced by project management software (such as Microsoft Project); all data generated by calendaring, task management and personal information management (PIM) software (such as Microsoft Outlook or Lotus Notes); all data created with the use of personal data assistants (PDAs), such as PalmPilot, HP Jornada, Cassiopeia or other Windows CE-based or Pocket PC devices; all data created with the use of document management software; all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser-generated history files, caches and "cookies" files generated at the workstation of each employee and/or agent in your client's {clients'} employ and on any and all backup storage media; and any and all other files generated by users through the use of computers and/or telecommunications, including but not limited to voice mail. Further, you are to preserve any log or logs of network use by employees or otherwise, whether kept in paper or electronic form, and to preserve all copies of your backup tapes and the software necessary to reconstruct the data on those tapes, so that there can be made a complete, bit-by-bit "mirror" evidentiary image copy of the storage media of each and every personal computer (and/or workstation) and network server in your control and custody, as well as image copies of all hard drives retained by you and no longer in service, but in use at any time from 2001 to the present.

Your client is  also not to pack, compress, purge or otherwise dispose of files and parts of files

unless a true and correct copy of such files is made.

Your client is also to preserve and not destroy all passwords, decryption procedures (including, if necessary, the software to decrypt the files); network access codes, ID names, manuals, tutorials, written instructions, decompression or reconstruction software, and any and all other information and things necessary to access, view and (if necessary) reconstruct the electronic data we [are requesting/will request] through discovery.

1. **Business Records:** [All documents and information about documents containing backup and/or archive policy and/or procedure, document retention policy, names of backup and/or archive software, names and addresses of any offsite storage provider.]

    a.   All e-mail and information about e-mail (including message contents, header information and logs of e-mail system usage) {sent or received} by the following persons:

Governor General **of the Commonwealth of Australia**
**Michael JEFFERY**, *Maj. Gen. (Ret.)* **AC, CVO, MC**

Prime Minister
**John HOWARD**
PO Box 6022
House of Representatives
Parliament House
Canberra ACT 2600
Tel: (02) 6277 7700
Fax: (02) 6273 4100

Dep. Prime Min.
**Mark VAILE**
PO Box 6022
House of Representatives
Parliament House
Canberra ACT 2600 Tel: (02) 6277 7420
Fax: (02) 6273 4128

Min. for Families, Community Services, & Indigenous Affairs
**Mal BROUGH**
PO Box 6022
House of Representatives
Parliament House
Canberra ACT 2600
Tel: (02) 6277 7560
Fax: (02) 6273 4122
**Email**: Mal.Brough.MP@aph.gov.au

Min. for Finance & Administration
**Nicholas MINCHIN**
36 Grenfell Street
Kent Town SA 5067
Phone: (08) 8362 8600
Fax: (08) 8362 8579
Toll Free: 1800 817 712

Min. for Foreign Affairs
**Alexander DOWNER**
PO Box 6022
House of Representatives
Parliament House
Canberra ACT 2600
Tel: (02) 6277 7500
Fax: (02) 6273 4112
**Email**: A.Downer.MP@aph.gov.au

Min. for Health & Aging
**Anthony ABBOT**
PO Box 6022
House of Representatives
Parliament House
Canberra ACT 2600
Tel: (02) 6277 7220
Fax: (02) 6273 4146
**Email**: Tony.Abbott.MP@aph.gov.au

Min. for Human Services
**Joe HOCKEY**
PO Box 6022
House of Representatives
Parliament House
Canberra ACT 2600
Tel: (02) 6277 7200
Fax: (02) 6273 4406
**Email**: J.Hockey.MP@aph.gov.au

Min. for Immigration & Multicultural Affairs
**Amanda VANSTONE**
Ground Floor, 75 Hindmarsh Square,
Adelaide SA 5000
Tel: (08) 8223 1757
Fax: (08) 8223 1750
Toll free: 1800 018 282

Min. for Justice & Customs
**Christopher ELLISON**
89 Aberdeen Street
Northbridge WA 6003
Tel: (02) 6277 7260
Fax: (02) 6273 7098
Email: senator.ellison@aph.gov.au

Min. for Revenue
**Peter DUTTON**

PO Box 6022
House of Representatives
Parliament House
Canberra ACT 2600
Tel: (02) 6277 7360
Fax: (02) 6273 4125
**Email**: Peter.Dutton.MP@aph.gov

Min. for Small Business & Tourism
**Fran BAILEY**
PO Box 6022
House of Representatives
Parliament House
Canberra ACT 2600
Tel: (02) 6277 7450
Fax: (02) 6273 9394
**Email**: Fran.Bailey.MP@aph.gov.a

Min. for Trade
**Mark VAILE**

Treasurer
**Peter COSTELLO**
PO Box 6022
House of Representatives
Parliament House
Canberra ACT 2600
Tel: (02) 6277 7340
Fax: (02) 6273 3420

Special Min. of State
**Gary NAIRN**
PO Box 6022
House of Representatives
Parliament House
Canberra ACT 2600
Fax: (02) 6273 4541
**Email**: G.Nairn.MP@aph.gov.au

Attorney General
**Philip RUDDOCK**
PO Box 6022
House of Representatives
Parliament House
Canberra ACT 2600
Tel: (02) 6277 7300
Fax: (02) 6273 4102

Chmn., Reserve Bank
**Ian J. MACFARLANE**
Reserve Bank of Australia
GPO Box 3947
SYDNEY NSW 2001
AUSTRALIA
+61 2 9551 8116

Ambassador to the US
**Dennis RICHARDSON**
R.G. Casey Building,
John McEwen Crescent,
Barton, ACT, 0221 Australia.
Tel: +61 2 6261 1111 Fax: +61 2 6261 3111

Permanent Representative to the UN, New York
**Robert HILL**

150 East 42nd Street
33rd Floor
New York NY 10017-5612
Phone: +1 212 351-6600
Fax: +1 212 351-6610

**High Commissioner to India**
**John McCarthy**
**R.G. Casey Building,**
**John McEwen Crescent,**
**Barton, ACT, 0221 Australia.**
**Tel: +61 2 6261 1111 Fax: +61 2 6261 3111**

**Premier Peter Douglas Beattie**
Premier of Queensland

Phone: 07 3224 4500,
Facsimile: 07 3221 3631
PO Box 15185
City East
Queensland 4002

ThePremier@premiers.qld.gov.au

**Premier** Morris IEMMA
Premier of New South Wales
Level 40 Governor Macquarie Tower
1 Farrer Place
Sydney, NSW 2000
**(02) 9228 5239**
**thepremier@www.nsw.gov.au**

b. All other e-mail and information about e-mail (including message contents, header information and logs of e-mail system usage) containing information about or related to:

- Children in Detention in Australia and in Camps in Australia contracted foreign states.

- Contact with any child taken on an Australian vessel such as HMAS Adelaide, then considered dehumanized with the depraved heart let to drown in  open seas.

- Any child taken on an Australian vessel and transported to another state other than Australia..

- The contracts signed by Micheal Thawley and you personally, during the time the Commonwealth of Australia was providing wheat shipments to the enemy of the United States, Iraq.  These ships left from Australian soil with false documentation.

- Your presence by contracts during the conflict with Iraq, Representing Australia during the Tigris Oil, BHP, AWB trading with the enemy and bribing IRAQ, (see cole Commission Report) and any registration by you as an Agent representing Australian interests with FISA during this time to present.

- Your personal emails during this period of treason by the Commonwealth of Australia .where a Mr. Stott an Australian, of various first names, has appeared at any time in any of your client's correspondence.

- Human Rights and Equal Opportunity Commission investigations on your clients for the violation of Human Rights, whether the outcome was positive or negative, does not matter.

- Transporting Gold from Iraq to Perth, during this present conflict,  being allowed into the Commonwealth of Australia, into the Perth  Mint, in Perth, Western Australia, and your role in this transaction if any.

- The class action Suit by the American Farmers against AWB, Australian Wheat Board and your actions in guiding your client in the Senate of the United States as

maybe claimed b John Warner, of Va.  Provide all your actions

- Securities   Exchange Commission investigations into BHP AND AWB fraudulent accounting and if you played a part in defending these actions.

- All Commonwealth of Australia National and State Annual Reports and Tax reports and email supporting any Transactions reflecting and or NOT reflecting the movement of cash and income by the Commonwealth as a result of Australian company profits and loss, being that of the Australian Wheat Board (AWB), BHP Billiton worldwide, Tigris Oil, any  Jordan Based Transport Companies reflecting sales of wheat and arbitrage of gold by AWB, BHP BILLITON.

- Emails explaining the presence of Australian Businessmen in Iraq during the conflict with Iraq and all applications by these businessmen to the Commonwealth of Australia, being that they traveled in and out of United States of America, where you are the representative.

- Australian companies shipped wheat to Iraq during the conflict (see cole commission report) preserve the movement of all applications and inspection of these vessels and how false documents were passed in the Commonwealth of Australia.

- Australians claimed that the IRAQ had weapons of Mass Destruction preserve the documents of all Australian Uranium Cartel Suits, where your client has joined forces with Canadian Companies, France, South Africa, companies in the United States, Gulf, Westinghouse, to spike the price of uranium in the world market.  IF you defended these actions please provide your details and account for your support of the WMDS in IRAQ.

- Investigations are ongoing around the World on the Genocide of the Aboriginal Children by your clients, maybe a million to a  hundred thousand children, being murdered or transported as slaves, to distant lands preserve the  investigations.

- An illegal WHITE only Apartheid Policy of your client, being in violations of all international civilized society and how and when if ended.

- The replacement of present Governor General is based on the lewd conduct with children the previous Governor General, reflecting an pattern, of arrest of a senior Australian Diplomat in Indonesia for child molestation and the Lost Generation of Children.  Preserve documentation to change the identity of the plaintiff''s child.

- Preserve the Yahoo suspension, of Australian accounts for aiding and abetting kidnapping.

- Failure to act by the Public Official of Australia is a criminal offense in all states, preserve thee documentation where public official aided and abetted in the violations so cited in the complaint, and the reasons non arrests for failure to act have taken place.

- 

c. All databases (including all records and fields and structural information in such databases), containing any reference to and/or information about or related to:

- Transfer of any Australian Product destined for Iraq under any application of the Australian Wheat Board.

- Transactions of Australian Uranium while Australia was a part of any alleged Uranium Cartel.

- Financial Records of Australian Wheat Board bribes reflected in Australian Tax Office and Department of Trade as regards all Transactions reflected in the Cole Commission.

- Databases of Aboriginal Families murdered, separated, removed from all localities within Australia and its islands on command or policy of your clients.

- Databases of all applications of non-whites for any application of stay in Australia.

- Databases of Weapons of Mass Destruction in Iraq as told the world.

- Database of the presence of any Australian in Iraq during the declaration of war or sanctions of the United Nations in Iraq.

- Databases of all Applications of BHP Billiton as stated in the Cole Report.

- Databases of BHP Billiton, AWB, and Tigris Oil Conspiracy for the control of Iraq and wheat by any Australian Citizen present in Iraq during the United Nations Sanctions and declaration of hostilities with Iraq.

- All applications by a Charles Myles Stott, an Australian, with your client.  All identification changes including any aliases.

- Databases of transactions of Perth Mint reflecting the movement of Saddam Soviet Stamped Gold through Australian Customs into the Mint.

- Databases of Garth Evans Minister in Australian Trade or others and his opinions on these IRAQ AWB trades

- Australian Wheat Board Databases of investigations with the State Trading Corporation of India.

- Databases of all non-whites separated from their little children in violations of the Child Rights of United Nations, cases in Australian Courts.

- Databases of all SIEV related actions.

- Databases of Centrelink reflecting any claim of the plaintiff as regards Nara Avalon.


d. All logs of activity (both in paper and electronic formats) on computer systems and networks that have or may have been used to process or store electronic data containing information about or related to:

Transfer of any Australian Product destined for Iraq under any application of the Australian Wheat Board.

- Transactions of Australian Uranium while Australia was a part of any alleged Uranium Cartel.

- Financial Records of Australian Wheat Board bribes reflected in Australian Tax Office and Department of Trade as regards all Transactions reflected in the Cole Commission.

- Databases of Aboriginal Families murdered, separated, removed from all localities within Australia and its islands on command or policy of your clients.

- Databases of all applications of non-whites for any application of stay in Australia.

- Databases of Weapons of Mass Destruction in Iraq as told the world.

- Database of the presence of any Australian in Iraq during the declaration of war or sanctions of the United Nations in Iraq.

- Databases of all Applications of BHP Billiton as stated in the Cole Report.

- Databases of BHP Billiton, AWB, and Tigris Oil Conspiracy for the control of Iraq and and wheat by any Australian Citizen present in Iraq during the United Nations Sanctions and declaration of hostilities with Iraq.

- All applications by a Charles Myles Stott, an Australian, with your client.  All identification changes including any aliases.

- Databases of transactions of Perth Mint reflecting the movement of Saddam Soviet Stamped Gold through Australian Customs into the Mint.

- Databases of Garth Evans Minister in Australian Trade or others and his opinions on these IRAQ AWB trades

- Australian Wheat Board Databases of investigations with the State Trading Corporation of India.

- Databases of all non-whites separated from their little children in violations of the Child Rights of United Nations, cases in Australian Courts.

- Databases of all SIEV related actions.

- Databases of Centrelink reflecting any claim of the plaintiff as regards Nara Avalon.

e.  All word processing files, including prior drafts, "deleted" files and file fragments, containing information about or related to:

  - [insert detail]Transfer of any Australian Product destined for Iraq under any application of the Australian Wheat Board.

- Transactions of Australian Uranium while Australia was a part of any alleged Uranium Cartel.

- Financial Records of Australian Wheat Board bribes reflected in Australian Tax Office and Department of Trade as regards all Transactions reflected in the Cole Commission.

- Databases of Aboriginal Families murdered, separated, removed from all localities within Australia and its islands on command or policy of your clients.

- Databases of all applications of non-whites for any application of stay in Australia.

- Databases of Weapons of Mass Destruction in Iraq as told the world.

- Database of the presence of any Australian in Iraq during the declaration of war or sanctions of the United Nations in Iraq.

- Databases of all Applications of BHP Billiton as stated in the Cole Report.

- Databases of BHP Billiton, AWB, and Tigris Oil Conspiracy for the control of Iraq and and wheat by any Australian Citizen present in Iraq during the United Nations Sanctions and declaration of hostilities with Iraq.

- All applications by a Charles Myles Stott, an Australian, with your client.  All identification changes including any aliases.

- Databases of transactions of Perth Mint reflecting the movement of Saddam Soviet

Stamped Gold through Australian Customs into the Mint.

- Databases of Garth Evans Minister in Australian Trade or others and his opinions on these IRAQ AWB trades

- Australian Wheat Board Databases of investigations with the State Trading Corporation of India.

- Databases of all non-whites separated from their little children in violations of the Child Rights of United Nations, cases in Australian Courts.

- Databases of all SIEV related actions.

- Databases of Centrelink reflecting any claim of the plaintiff as regards Nara Avalon.

f.  With regard to electronic data created by application programs which process financial, accounting and billing information, all electronic data files, including prior drafts, "deleted" files and file fragments, containing information about or related to:

- Transfer of any Australian Product destined for Iraq under any application of the Australian Wheat Board.

- Transactions of Australian Uranium while Australia was a part of any alleged Uranium Cartel.

- Financial Records of Australian Wheat Board bribes reflected in Australian Tax Office and Department of Trade as regards all Transactions reflected in the Cole Commission.

- Databases of Aboriginal Families murdered, separated, removed from all localities within Australia and its islands on command or policy of your clients.

- Databases of all applications of non-whites for any application of stay in Australia.

- Databases of Weapons of Mass Destruction in Iraq as told the world.

- Database of the presence of any Australian in Iraq during the declaration of war or sanctions of the United Nations in Iraq.

- Databases of all Applications of BHP Billiton as stated in the Cole Report.

- Databases of BHP Billiton, AWB, and Tigris Oil Conspiracy for the control of Iraq and and wheat by any Australian Citizen present in Iraq during the United Nations Sanctions and declaration of hostilities with Iraq.

- All applications by a Charles Myles Stott, an Australian, with your client.  All identification

changes including any aliases.

- Databases of transactions of Perth Mint reflecting the movement of Saddam Soviet Stamped Gold through Australian Customs into the Mint.

- Databases of Garth Evans Minister in Australian Trade or others and his opinions on these IRAQ AWB trades

- Australian Wheat Board Databases of investigations with the State Trading Corporation of India.

- Databases of all non-whites separated from their little children in violations of the Child Rights of United Nations, cases in Australian Courts.

- Databases of all SIEV related actions.

- Databases of Centrelink reflecting any claim of the plaintiff as regards Nara Avalon.


g.  All files, including prior drafts, "deleted" files and file fragments, containing information from electronic calendars and scheduling programs regarding or related to:


- Transfer of any Australian Product destined for Iraq under any application of the Australian Wheat Board.

- Transactions of Australian Uranium while Australia was a part of any alleged Uranium Cartel.

- Financial Records of Australian Wheat Board bribes reflected in Australian Tax Office and Department of Trade as regards all Transactions reflected in the Cole Commission.

- Databases of Aboriginal Families murdered, separated, removed from all localities within Australia and its islands on command or policy of your clients.

- Databases of all applications of non-whites for any application of stay in Australia.

- Databases of Weapons of Mass Destruction in Iraq as told the world.

- Database of the presence of any Australian in Iraq during the declaration of war or sanctions of the United Nations in Iraq.

- Databases of all Applications of BHP Billiton as stated in the Cole Report.

- Databases of BHP Billiton, AWB, and Tigris Oil Conspiracy for the control of Iraq and and wheat by any Australian Citizen present in Iraq during the United Nations Sanctions and declaration of hostilities with Iraq.

- All applications by a Charles Myles Stott, an Australian, with your client.  All identification changes including any aliases.

- Databases of transactions of Perth Mint reflecting the movement of Saddam Soviet Stamped Gold through Australian Customs into the Mint.

- Databases of Garth Evans Minister in Australian Trade or others and his opinions on these IRAQ AWB trades

- Australian Wheat Board Databases of investigations with the State Trading Corporation of India.

- Databases of all non-whites separated from their little children in violations of the Child Rights of United Nations, cases in Australian Courts.

- Databases of all SIEV related actions.

- Databases of Centrelink reflecting any claim of the plaintiff as regards Nara Avalon.


h.  All electronic data files, including prior drafts, "deleted" files and file fragments about or related to:


- Transfer of any Australian Product destined for Iraq under any application of the Australian Wheat Board.

- Transactions of Australian Uranium while Australia was a part of any alleged Uranium Cartel.

- Financial Records of Australian Wheat Board bribes reflected in Australian Tax Office and Department of Trade as regards all Transactions reflected in the Cole Commission.

- Databases of Aboriginal Families murdered, separated, removed from all localities within Australia and its islands on command or policy of your clients.

- Databases of all applications of non-whites for any application of stay in Australia.

- Databases of Weapons of Mass Destruction in Iraq as told the world.

- Database of the presence of any Australian in Iraq during the declaration of war or sanctions of the United Nations in Iraq.

- Databases of all Applications of BHP Billiton as stated in the Cole Report.

- Databases of BHP Billiton, AWB, and Tigris Oil Conspiracy for the control of Iraq and and wheat by any Australian Citizen present in Iraq during the United Nations Sanctions and

declaration of hostilities with Iraq.

- All applications by a Charles Myles Stott, an Australian, with your client. All identification changes including any aliases.

- Databases of transactions of Perth Mint reflecting the movement of Saddam Soviet Stamped Gold through Australian Customs into the Mint.

- Databases of Garth Evans Minister in Australian Trade or others and his opinions on these IRAQ AWB trades

- Australian Wheat Board Databases of investigations with the State Trading Corporation of India.

- Databases of all non-whites separated from their little children in violations of the Child Rights of United Nations, cases in Australian Courts.

- Databases of all SIEV related actions.

- Databases of Centrelink reflecting any claim of the plaintiff as regards Nara Avalon.


2. **Online Data Storage on Mainframes and Minicomputers:** With regard to online storage and/or direct access storage devices attached to your client's {clients'} mainframe computers and/or minicomputers: they are not to modify or delete any electronic data files, "deleted" files and file fragments existing at the time of this letter's delivery, which meet the definitions set forth in this letter, unless a true and correct copy of each such electronic data file has been made and steps have been taken to assure that such a copy will be preserved and accessible for purposes of this litigation.


3. **Offline Data Storage, Backups and Archives, Floppy Diskettes, Tapes and Other Removable Electronic Media:** With regard to all electronic media used for offline storage, including magnetic tapes and cartridges and other media that, at the time of this letter's delivery, contained any electronic data meeting the criteria listed in paragraph 1 above: Your client {clients} is {are} to stop any activity that may result in the loss of such electronic data, including rotation, destruction, overwriting and/or erasure of such media in whole or in part. This request is intended to cover all removable electronic media used for data storage in connection with their computer systems, including magnetic tapes and cartridges, magneto-optical disks, floppy diskettes and all other media, whether used with personal computers, minicomputers or mainframes or other computers, and whether containing backup and/or archive data sets and other electronic data, for all of their computer systems.

4. **Replacement of Data Storage Devices:** Your client {clients} is {are} not to dispose of any electronic data storage devices and/or media that may be replaced due to failure and/or upgrade and/or other reasons that may contain electronic data meeting the criteria listed in paragraph 1 above.

5. **Fixed Drives on Stand-Alone Personal Computers and Network Workstations:** With regard to electronic data meeting the criteria listed in paragraph 1 above, which existed on fixed drives attached to stand-alone microcomputers and/or network workstations at the time of this letter's delivery: Your client {clients} is {are} not to alter or erase such electronic data, and not to perform other procedures (such as data compression and disk de-fragmentation or optimization routines) that may impact such data, unless a true and correct copy has been made of such active files and of completely restored versions of such deleted electronic files and file fragments, copies have been made of all directory listings (including hidden files) for all directories and subdirectories containing such files, and arrangements have been made to preserve copies during the pendency of this litigation.

6. **Programs and Utilities:** Your client {clients} is {are} to preserve copies of all application programs and utilities, which may be used to process electronic data covered by this letter.

7. **Log of System Modifications:** Your client {clients} is {are} to maintain an activity log to document modifications made to any electronic data processing system that may affect the system's capability to process any electronic data meeting the criteria listed in paragraph 1 above, regardless of whether such modifications were made by employees, contractors, vendors and/or any other third parties.

8. **Personal Computers Used by Your Employees and/or Their Secretaries and Assistants:** The following steps should immediately be taken in regard to all personal computers used by your client's {clients'} employees and/or their secretaries and assistants.

   a. As to fixed drives attached to such computers: (i) a true and correct copy is to be made of all electronic data on such fixed drives relating to this matter, including all active files and completely restored versions of all deleted electronic files and file fragments; (ii) full directory listings (including hidden files) for all directories and subdirectories (including hidden directories) on such fixed drives should be written; and (iii) such copies and

listings are to be preserved until this matter reaches its final resolution.

b. All floppy diskettes, magnetic tapes and cartridges, and other media used in connection with such computers prior to the date of delivery of this letter containing any electronic data relating to this matter are to be collected and put into storage for the duration of this lawsuit.

9. **Evidence Created Subsequent to This Letter:** With regard to electronic data created subsequent to the date of delivery of this letter, relevant evidence is not be destroyed and your client {clients} is {are} to take whatever steps are appropriate to avoid destruction of evidence.

In order to assure that your and your client's {clients'} obligation to preserve documents and things will be met, please forward a copy of this letter to all persons and entities with custodial responsibility for the items referred to in this letter.

Sincerely,



Jugvir Inder Singh

PRO SE


# CERTIFICATION


A True and correct copy of the letter of spoliation, being a part of Discovery, was emailed to the Counsel for Commonwealth of Australia, Mr. John E. Prominski, Tysons Corner Office, 1751 Pinnacle Drive, Suite 500, McLean, Virginia 22102-3833,
Direct Number: 703.610.8653
Main Number: 703.903.9000

Fax Number: 703.610.8686
Cell Number: 703.725.6731
jprominski@milesstockbridge.com, this 09/07/07


signed:


Jugvir I Singh

Pro Se.

EXHIBIT 2

John E. Prominski
Principal

Tysons Corner Office
1751 Pinnacle Drive
Suite 500
McLean, Virginia 22102-3833
Direct Number: 703.610.8653
Main Number: 703.903.9000
Fax Number: 703.610.8686
Cell Number: 703.725.6731
jprominski@milesstockbridge.com

Saturday, September 08, 2007

Dear Sir,

NON_WAIVER AGREEMENT: CASE 07-1170

I have requested you to reveal who you have appeared for, as the records in the DC Courts indicate you may be the lead Attorney for Union of India and United Nations, but on talking to the Clerk I am told you represent Australia.
I have left messages on your machine to talk to you about this matter in detail.
Prior to sending your discovery request and whether your firm agrees to sign this agreement or not, as I have already sent you a spoliation letter for Commonwealth of Australia I am proceeding with my requests.

Attached is the agreement for your signature and bar number.

Yours truly,

Jugvir Inder Singh

Attached: Agreement.

NON-WAIVER AND CONFIDENTIALITY AGREEMENT ("Agreement")

WHEREAS, the parties have agreed to produce all documents deemed discoverable under the Federal Rules of Civil Procedure, including Electronically Stored Information ("ESI"), that are responsive to each other's discovery requests and not privileged or otherwise exempted from discovery under the Federal Rules of Evidence, Federal Rules of Civil Procedure or other applicable source of law;

WHEREAS, some of the ESI and other documents produced in this matter may contain attorney-client privileged communications or other information protected as "privileged" under the Federal Rules of Evidence ("Privileged Material") and not subject to discovery under the Federal Rules of Civil Procedure or the Federal Rules of Evidence ("Privileged Material");

WHEREAS, some of the produced ESI and other documents in this matter may contain protected attorney work-product material prepared or compiled in anticipation of litigation and not subject to discovery under the Federal Rules of Civil Procedure or the Federal Rules of Evidence ("Work-Product Material");

 WHEREAS, the parties acknowledge that, despite each party's best efforts to conduct a thorough pre-production review of all ESI and other documents, some Work Product Material and Privileged Material ("Protected Material") may be inadvertently disclosed to the other party during the course of this litigation;

WHEREAS, the volume of potentially discoverable ESI may substantially increase the total volume of documents that will be produced by the parties, thereby exacerbating the

risk of inadvertent disclosure of Protected Material;

WHEREAS, in the course of this litigation, the parties may —either inadvertently or knowingly— produce information that is of a confidential, private, personal, trade secret, or proprietary nature ("Sensitive Material");

WHEREAS, the undersigned parties desire to establish a mechanism to avoid waiver of privilege or any other applicable protective evidentiary doctrine as a result of the inadvertent disclosure of Protected Material; and (b) keep disclosed Protected Material and Sensitive Material confidential to the maximum extent possible;

IT IS HEREBY STIPULATED AND AGREED by the parties that the following clauses of this Agreement shall govern the disclosure of Protected Material and Sensitive Material in this action.

NON-WAIVER OF PRIVILEGE OR OTHER PROTECTIVE DOCTRINE BY INADVERTENT DISCLOSURE

1. The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as Protected Material shall NOT waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the producing party, upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure.

2. Except in the event that the requesting party disputes the claim, any documents which the producing party deems to contain inadvertently disclosed Protected Material shall be, upon written request, promptly returned to the producing party or destroyed at the producing party's option. This includes all copies, electronic or otherwise, of any such

documents. In the event that the producing party requests destruction, the requesting party shall provide written certification of compliance within thirty (30) days of such written request. In the event that the requesting party disputes the producing party's claim as to the protected nature of the inadvertently disclosed material, a single set of copies may be sequestered and retained by and under the control of requesting party for the sole purpose of seeking court determination of the issue pursuant to Federal Rule of Civil Procedure 26(b)(5)(B).

3. Any such Protected Material inadvertently disclosed by the producing party to the requesting party pursuant to this Agreement, shall be and remain the property of the producing property.

4. To the extent there may be inconsistency between the aforementioned stipulations in this Agreement and Federal Rule of Civil Procedure 26(b)(5) and the accompanying Committee Note, Rule 26(b)(5)(B) and the Committee Note shall control.

CONFIDENTIAL TREATMENT OF SENSITIVE MATERIAL

5. Any Protected Material or Sensitive Material disclosed in this litigation is to be considered confidential and proprietary to the producing party and the requesting party shall hold the same in confidence and shall not use any disclosed Protected Material or Sensitive Material other than for the purposes of this litigation. To that end, the parties shall limit the disclosure of all Protected Material and Sensitive Material only to those persons with a need to know the information for purposes of supporting their position in this litigation. Moreover, Protected Material and Sensitive Material will not be disclosed, published or otherwise revealed to any other party in this litigation except with the specific prior written authorization of the producing party.

6. If Protected Material or Sensitive Material is disclosed through inadvertence or otherwise to any person not authorized under this Agreement, the party causing such disclosure shall inform the person receiving the Protected Material or Sensitive Material that the information is covered by this Agreement, make its best efforts to retrieve the Protected Material or Sensitive Material, and promptly inform the producing party of the disclosure.

7. The requesting party shall have no confidentiality obligations with respect to any information which:

a. is already known to the requesting party without restriction;

b. is or becomes publicly known otherwise than by the requesting party's breach of this Agreement;

c. is received by the requesting party without restriction from a third-party who is not under an obligation of confidentiality;

d. is independently developed by the requesting party;

e. is approved for release by written authorization of the producing party; or

f. is disclosed by the requesting party pursuant to judicial action, provided that producing party is notified at the time such action is initiated.

8. Any Protected Material or Sensitive Material disclosed by the producing party to the requesting party pursuant to this Agreement shall be and remain the property of the producing property.

# GENERAL PROVISIONS

9. This Agreement terminates and supersedes all prior understandings or agreements on the subject matter hereof.

10. This Agreement shall be binding on the parties hereto when signed regardless of whether or when the court enters its Agreement thereon.

11. Nothing herein shall prevent any party from applying to the court for a modification of this Agreement should the moving party believe the Agreement, as originally agreed upon, is hampering its efforts to prepare for trial; or from applying to the court for further or additional protective Agreements; or from an Agreement between the parties to any modification of this Agreement, subject to the approval of the court.

12. This Agreement shall survive the final termination of this case regarding any retained documents or contents thereof.

13. The effective date of this Agreement shall be Monday, September 10, 2007.

DATED: Saturday, September 08, 2007

DATED: _____

Signed:
NAME : JUGVIR INDER SINGH

ADDRESS:  4409 Hoffner, Suite 405

CITY, Orlando, STATE: FL

PHONE NUMBER : 5714268522


LAW FIRM NAME: Miles and Stockbridge P.C.

ATTORNEY NAME: John E. Prominski  BAR #

ADDRESS:  Tysons Corner Office, 1751 Pinnacle Drive, Suite 500

CITY: McLean, STATE: Virginia 22102-3833

PHONE NUMBER: Direct Number: 703.610.8653
Main Number: 703.903.9000
Fax Number: 703.610.8686
Cell Number: 703.725.6731

Email: jprominski@milesstockbridge.com

# Exhibit 3

John E. Prominski
Principal

Tysons Corner Office
1751 Pinnacle Drive
Suite 500
McLean, Virginia 22102-3833
Direct Number: 703.610.8653
Main Number: 703.903.9000
Fax Number: 703.610.8686
Cell Number: 703.725.6731
jprominski@milesstockbridge.com

Saturday, September 08, 2007

Dear Sir,

         NON_WAIVER AGREEMENT: CASE 07-1170

I have requested you to reveal who you have appeared for, as the records in the DC
Courts indicate you may be the lead Attorney for Union of India and United Nations, but
on talking to the Clerk I am told you represent Australia.
I have left messages on your machine to talk to you about this matter in detail.
Prior to sending your discovery request and whether your firm agrees to sign this
agreement or not, as I have already sent you a spoliation letter for Commonwealth of
Australia I am proceeding with my requests.

Attached is the agreement for your signature and bar number.

Yours truly,

Jugvir Inder Singh

Attached: Agreement.

NON-WAIVER AND CONFIDENTIALITY AGREEMENT ("Agreement")

WHEREAS, the parties have agreed to produce all documents deemed discoverable under the Federal Rules of Civil Procedure, including Electronically Stored Information ("ESI"), that are responsive to each other's discovery requests and not privileged or otherwise exempted from discovery under the Federal Rules of Evidence, Federal Rules of Civil Procedure or other applicable source of law;

WHEREAS, some of the ESI and other documents produced in this matter may contain attorney-client privileged communications or other information protected as "privileged" under the Federal Rules of Evidence ("Privileged Material") and not subject to discovery under the Federal Rules of Civil Procedure or the Federal Rules of Evidence ("Privileged Material");

WHEREAS, some of the produced ESI and other documents in this matter may contain protected attorney work-product material prepared or compiled in anticipation of litigation and not subject to discovery under the Federal Rules of Civil Procedure or the Federal Rules of Evidence ("Work-Product Material");

 WHEREAS, the parties acknowledge that, despite each party's best efforts to conduct a thorough pre-production review of all ESI and other documents, some Work Product Material and Privileged Material ("Protected Material") may be inadvertently disclosed to the other party during the course of this litigation;

WHEREAS, the volume of potentially discoverable ESI may substantially increase the total volume of documents that will be produced by the parties, thereby exacerbating the risk of inadvertent disclosure of Protected Material;

WHEREAS, in the course of this litigation, the parties may —either inadvertently or knowingly— produce information that is of a confidential, private, personal, trade secret, or proprietary nature ("Sensitive Material");

WHEREAS, the undersigned parties desire to establish a mechanism to avoid waiver of privilege or any other applicable protective evidentiary doctrine as a result of the inadvertent disclosure of Protected Material; and (b) keep disclosed Protected Material and Sensitive Material confidential to the maximum extent possible;

IT IS HEREBY STIPULATED AND AGREED by the parties that the following clauses of this Agreement shall govern the disclosure of Protected Material and Sensitive Material in this action.

NON-WAIVER OF PRIVILEGE OR OTHER PROTECTIVE DOCTRINE BY INADVERTENT DISCLOSURE

1. The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as Protected Material shall NOT waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the producing party, upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure.

2. Except in the event that the requesting party disputes the claim, any documents which the producing party deems to contain inadvertently disclosed Protected Material shall be, upon written request, promptly returned to the producing party or destroyed at the producing party's option. This includes all copies, electronic or otherwise, of any such documents. In the event that the producing party requests destruction, the requesting

party shall provide written certification of compliance within thirty (30) days of such written request. In the event that the requesting party disputes the producing party's claim as to the protected nature of the inadvertently disclosed material, a single set of copies may be sequestered and retained by and under the control of requesting party for the sole purpose of seeking court determination of the issue pursuant to Federal Rule of Civil Procedure 26(b)(5)(B).

3. Any such Protected Material inadvertently disclosed by the producing party to the requesting party pursuant to this Agreement, shall be and remain the property of the producing property.

4. To the extent there may be inconsistency between the aforementioned stipulations in this Agreement and Federal Rule of Civil Procedure 26(b)(5) and the accompanying Committee Note, Rule 26(b)(5)(B) and the Committee Note shall control.

CONFIDENTIAL TREATMENT OF SENSITIVE MATERIAL

5. Any Protected Material or Sensitive Material disclosed in this litigation is to be considered confidential and proprietary to the producing party and the requesting party shall hold the same in confidence and shall not use any disclosed Protected Material or Sensitive Material other than for the purposes of this litigation. To that end, the parties shall limit the disclosure of all Protected Material and Sensitive Material only to those persons with a need to know the information for purposes of supporting their position in this litigation. Moreover, Protected Material and Sensitive Material will not be disclosed, published or otherwise revealed to any other party in this litigation except with the specific prior written authorization of the producing party.

6. If Protected Material or Sensitive Material is disclosed through inadvertence or

otherwise to any person not authorized under this Agreement, the party causing such disclosure shall inform the person receiving the Protected Material or Sensitive Material that the information is covered by this Agreement, make its best efforts to retrieve the Protected Material or Sensitive Material, and promptly inform the producing party of the disclosure.

7. The requesting party shall have no confidentiality obligations with respect to any information which:

a. is already known to the requesting party without restriction;

b. is or becomes publicly known otherwise than by the requesting party's breach of this Agreement;

c. is received by the requesting party without restriction from a third-party who is not under an obligation of confidentiality;

d. is independently developed by the requesting party;

e. is approved for release by written authorization of the producing party; or

f. is disclosed by the requesting party pursuant to judicial action, provided that producing party is notified at the time such action is initiated.

8. Any Protected Material or Sensitive Material disclosed by the producing party to the requesting party pursuant to this Agreement shall be and remain the property of the producing property.

# GENERAL PROVISIONS

9. This Agreement terminates and supersedes all prior understandings or agreements on the subject matter hereof.

10. This Agreement shall be binding on the parties hereto when signed regardless of whether or when the court enters its Agreement thereon.

11. Nothing herein shall prevent any party from applying to the court for a modification of this Agreement should the moving party believe the Agreement, as originally agreed upon, is hampering its efforts to prepare for trial; or from applying to the court for further or additional protective Agreements; or from an Agreement between the parties to any modification of this Agreement, subject to the approval of the court.

12. This Agreement shall survive the final termination of this case regarding any retained documents or contents thereof.

13. The effective date of this Agreement shall be Monday, September 10, 2007.

DATED: Saturday, September 08, 2007

DATED: _____

Signed:
NAME : JUGVIR INDER SINGH

ADDRESS:  4409 Hoffner, Suite 405

CITY, Orlando, STATE: FL

PHONE NUMBER : 5714268522


LAW FIRM NAME: Miles and Stockbridge P.C.

ATTORNEY NAME:  John E. Prominski  BAR #

ADDRESS:  Tysons Corner Office, 1751 Pinnacle Drive, Suite 500

CITY: McLean, STATE: Virginia 22102-3833

PHONE NUMBER: Direct Number: 703.610.8653
Main Number: 703.903.9000
Fax Number: 703.610.8686
Cell Number: 703.725.6731

Email: jprominski@milesstockbridge.com

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF COLUMBIA

JUGVIR INDER SINGH AND ANTHR

VS.

COMMONWEALTH OF AUSTRALIA
AND OTHERS

.    CIVIL ACTION NO. 07-1170

JUDGE: JOHN D. BATES

ORDER

UPON DUE CONSIDERATION OF THE MOTION of the plaintiffs JUGVIR

INDER SINGH AND ANOTHER, for the enlargement of time to file an opposition to

the dispositive motion and answer of the Defendant United Nations it is herby ordered

ORDERED That the aforesaid motion is and be GRANTED; and it further,

ORDERED That the plaintiffs be GRANTED and enlargement of Time given till the 3rd October 2007, within which to file an opposition pleading in this action.

ENTERED THIS _____DAY OF SEPTEMBER___2007

UNITED STATES DISTRICT COURT JUDGE

JOHN D.BATES