## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUGVIR I. SINGH, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:07 – CV – 01170 |
| | ) | Judge Bates |
| COMMONWEALTH OF AUSTRALIA, | ) | |
| *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT COMMONWEALTH OF AUSTRALIA'S
### MOTION TO DISMISS PURSUANT TO RULES 12(b)(1) , 12(b)(6)
### AND 12(B)(7)

Defendant Commonwealth of Australia, Embassy of Australia ("Embassy of Australia"),

move to dismiss the Complaint in this action, pursuant to Rules 12(b)(1), 12(b)(6) and 12(b)(7)

of the Federal Rules of Civil Procedure. Defendant incorporates the Memorandum in Support of

the Motion, filed herewith.

Respectfully submitted,

COMMONWEALTH OF AUSTRALIA

John E. Prominski, Jr.    #356303
1751 Pinnacle Drive, Suite 500
McLean, Virginia 22102
Ph:  703-610-8653
Fax:  703-610-8686
Counsel for Defendant Commonwealth
of Australia

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing DEFENDANT COMMONWEALTH

OF AUSTRALIA'S MOTION TO DISMISS PURSUANT TO RULES 12(b)(1), 12(b)(6) AND

12(b)(7) was served via electronic mail or first class mail, postage prepaid this _21st_ day of

_September_ , 2007 on:

Jugvir Inder Singh
As Individual and Head of the Estate of the
Singhderawa Family
4409 Hoffner Suite 405
Orlando, FL  32818

Union of India
Embassy of India
Mr. Rarendra Sen
2107 Massachusetts Avenue, NW
Washington, DC

United Nations
UN Headquarters
Mr. Nicolas Michel,
Under-Secretary-General,
The Legal Counsel,
Room 3427A
First Avenue at 46th Street
New York, NY   10017

_____
John E. Prominski, Jr.

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

JUGVIR I. SINGH, *et al.*,           )
                                     )
                Plaintiffs,          )
                                     )
        v.                           )    Case No. 1:07 – CV – 01170
                                     )    Judge Bates
COMMONWEALTH OF AUSTRALIA,           )
*et al.*                             )
                                     )
                Defendants.          )

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COMMONWEALTH OF AUSTRALIA'S MOTION TO DISMISS COMPLAINT PURSUANT TO RULES 12(b)(1), 12(b)(6) AND 12(b)(7)

Defendant Commonwealth of Australia ("Australia"), by counsel, respectfully submits the following memorandum of points and authorities in support of its motion pursuant to Rules 12(b)(1), 12(b)(6) and 12(b)(7) of the Federal Rules of Civil Procedure to dismiss the Complaint filed by plaintiffs Jugvir Inder Singh, individually ("Singh") and by Jugvir Inder Singh as Head of the Estate of the Singhderewa Family (the "Singh Family") in this action.

### Introduction

Singh filed the Complaint on June 25, 2007, on behalf of himself and the Singh Family (collectively, the "Plaintiffs") against defendants the Commonwealth of Australia, the Union of India, the United Nations and John Does 1-99 (collectively, the "Defendants"). *See* Compl. ¶¶ 1, 12-15. In the Complaint, the Plaintiffs purport to plead the following causes of actions:

- Count I – Battery
- Count II – Assault
- Count III – Intentional Infliction of Emotional Distress
- Count IV – Action for Civil Conspiracy
- Count V – 18 U.S.C. § 1962(a) and (d) – Civil RICO
- Count VI – Action for Aiding and Abetting
- Count VII – Willful and Wanton Misconduct

- Count VIII – Loss of Consortium and Solatium
- Count IX – Punitive Damages.

*See* Compl. ¶¶ 49 – 132. As shown below, the Complaint is insufficient as a matter of law as to the Commonwealth of Australia ("Australia") because Australia is immune from all of the Plaintiffs' claims under the doctrine of sovereign immunity. In the alternative, the Complaint should be dismissed because it fails to state any claim upon which relief may be granted and fails to join the members of the Singh Family as additional parties plaintiff. For these reasons, all claims in the Complaint against Australia must be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 12(b)(7).

### Legal Standard

Pursuant to the Foreign Sovereign Immunities Act (the "FSIA"), foreign states are "immune from the jurisdiction of the courts of the United States and of the States" subject to existing international agreements, *see* 28 U.S.C. § 1604; 28 U.S.C. §1330(a), and except as specifically provided by nine enumerated exceptions, *see* 28 § 1605(a)(1) - (7), (b), (d), and by certain other exceptions relating to counterclaims, *see* 28 U.S.C. § 1607; *see also Phoenix Consulting, Inc. v. Republic of Angola*, 216 F.3d 36, 39 (D.C. Cir. 2000). The Supreme Court has recognized that the FSIA is "the sole basis for obtaining jurisdiction over a foreign state in our courts." *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989). Because Australia is unquestionably a foreign state, and because neither of the statutory exceptions to FSIA immunity relied upon by the Plaintiffs apply in this case, Australia has "immunity from trial and the attendant burdens of litigation, and not just a defense to liability on the merits." *Phoenix Consulting, Inc.*, 216 F.3d at 39 (quoting *Foremost-McKesson, Inc. v. Islamic Republic of Iran*, 905 F.2d 438, 443 (D.C. Cir 1990)).

2

On a Rule 12(b)(1) motion to dismiss in an FSIA case, the defendant may challenge either the legal sufficiency or the factual underpinning of an exception. *Phoenix Consulting*, 216 F.3d at 39. Where the defendant challenges the legal sufficiency of the plaintiff's jurisdictional allegations, the court should accept the plaintiff's factual allegations as true and determine whether such facts trigger any of the exceptions to foreign sovereign immunity. *Foremost-McKesson, Inc.*, 905 F.2d at 449. This standard is similar to that of Rule 12(b)(6), under which dismissal is warranted if no plausible inferences can be drawn from the facts alleged that, if proven, would provide grounds for relief. *Price v. Socialist People's Libyan Arab Jamahiriya*, 294 F.3d 82, 93 (D.C. Cir. 2002).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A defendant's motion to dismiss under Rule 12(b)(6) may be granted if the plaintiff's claim fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering such a motion, the Court must view the factual allegations in the light most favorable to the plaintiff. *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 625 (D.C. Cir. 1997). However, even if the Court accepts as true all of the factual allegations set forth in the complaint, and construes the complaint liberally in favor of the plaintiff, *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979), it "need not accept inferences drawn by the plaintiff [ ] if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## I.   AUSTRALIA HAS SOVEREIGN IMMUNITY FROM ALL OF THE CLAIMS IN THE COMPLAINT

Australia, as a foreign state, is immune under the FSIA from all of the claims in the Complaint. The FSIA clearly provides that "[s]ubject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be

3

immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter." 28 U.S.C. § 1604. The Plaintiffs assert that the exceptions to immunity conferred by sections "1605(a)(5), (a)(7) and (a)(7) note [sic]," of the FSIA override the FSIA's general grant of sovereign immunity. *See* Compl. ¶ 2. Neither of the exceptions cited by the Plaintiffs are triggered by the allegations of the Complaint. Therefore, the Court should properly dismiss the Complaint as to Australia for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) based on sovereign immunity under the FSIA.

### A. There Are No Factual Allegations Establishing the Non-Commercial Tort Exception to Sovereign Immunity Under Section 1605(a)(5)

The first exception relied upon by the Plaintiffs to defeat sovereign immunity is 28 U.S.C. § 1605(a)(5). *See* Compl. ¶ 2. That provision, commonly referred to as the "non-commercial tort exception" to the FSIA, allows tort claims to be pursued in federal court against foreign sovereigns in cases in which:

> [m]oney damages are sought against a foreign state for personal injury or death, or damage to or loss of property, *occurring in the United States* and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment[.]

28 U.S.C. § 1605(a)(5) (*emphasis added*). This exception, by its express terms, is limited to those cases in which personal injury or death, or damage to or loss of property occurs *in the United States*. *See Amerada Hess Shipping Corp.*, 488 U.S. at 439. The primary purpose of Congress in enacting this section was to abrogate a foreign state's immunity from liability under domestic tort law for traffic accidents and other torts committed in the United States. *See* H.R.Rep. No. 94-1487, pp. 14, 20-21 (1976) (H.R.Rep.); S.Rep. No. 94-1310, pp. 14, 20-21 (1976) (S.Rep.).

4

The Complaint does not allege any personal injury occurring in the United States. Rather, the Complaint alleges that this action is brought "against the defendants for colluding, conspiring, corruption in the aiding and abetting of a kidnap, hostage taking *in Australia.*" *See* Compl. ¶ 1 (emphasis added); *see also, id.* ¶¶ 10, 41 (alleging Australia as the place of personal injury). For this reason, the non-commercial tort exception in 28 U.S.C. § 1605 (a)(5) simply does not apply.

### B. There Are No Factual Allegations Establishing the State-Sponsored Terrorism Exception to Sovereign Immunity Under Section 1605(a)(7)

The second exception to sovereign immunity relied upon by Plaintiffs is the "state sponsored terrorism exception" codified at 28 U.S.C. § 1605(a)(7). Under this exception, a foreign state is not entitled to sovereign immunity where:

> [m]oney damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources (as defined in section 2339A of title 18) for such an act if such act or provision of material support is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency[.]

28 U.S.C. § 1605(a)(7). There are three additional requirements for the "state sponsored terrorism exception" to apply. First, the foreign state must be designated as a state sponsor of terrorism under section 6(j) of the Export Administration Act of 1979 (50 App. U.S.C. § 2405 (j)) or section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. § 2371) at the time the act occurred or was designated as such as the result of such an act. Second, the plaintiff must afford the foreign state a reasonable opportunity to arbitrate the dispute if the act occurred within that state's territory. Third, either the claimant or the victim must have been a United States national at the time the act occurred. 28 U.S.C. § 1605(a)(7)(A)-(B). Because the Complaint is completely devoid of any factual allegations that would trigger the operation of the "state

5

sponsored terrorism exception," the Plaintiffs' reliance upon this exception to sovereign immunity is fatally deficient.

### 1. The Complaint fails to allege Australia was designated as a state sponsor of terrorism

The "state sponsored terrorism exception" to the FSIA does not apply where:

> [t]he foreign state was not designated as a state sponsor of terrorism under section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)) or section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. 2371) at the time the act occurred, unless later so designated as a result of such act or the act is related to Case Number 1:00CV03110(EGS) in the United States District Court for the District of Columbia[.]

28 U.S.C. § 1605(a)(7)(A). Australia is not and has not been designated as a state sponsor of terrorism. Nor do the Plaintiffs claim that Australia was ever designated as a state sponsor of terrorism. Nowhere in the Complaint is there any allegation that Australia was designated as a state sponsor of terrorism under section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)) or section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. 2371). Instead, the Complaint wildly alleges, without setting forth any factual basis whatsoever, that Australia "has a pattern of flaunting the laws of society and civilized nations" (Compl. ¶ 14), "violat[ed]…the (TWEA) TRADING WITH THE ENEMY ACT 1917 and U.S.C. Title 50 WAR AND NATIONAL DEFENSE" (*Id.*), and "violated the ATCA, and Torture Victim Prevention Act, 28 U.S.C. § 1350 App" (Compl. ¶ 17). None of these allegations or provisions of law meet the requirements of section 1605(a)(7)(A). The Complaint fails to allege that Australia was designated as a state sponsor of terrorism, which is a required element of this exception to sovereign immunity.

### 2. The Complaint fails to allege Australia was afforded a reasonable opportunity to arbitrate the dispute

6

Even if the Complaint had alleged that Australia is or was designated as a state sponsor of terrorism (which it is not, and has not been so designated), the provisions of section 1605(a)(7)(B)(i) requiring a reasonable opportunity to arbitrate, are not satisfied. Under that section, the "state sponsored terrorism exception" does not apply where:

> [t]he act occurred in the foreign state against which the claim has been brought and the claimant has not afforded the foreign state a reasonable opportunity to arbitrate the claim in accordance with accepted international rules of arbitration[.]

28 U.S.C. § 1605(a)(7)(B)(i). The Complaint is completely silent as to whether Singh or any member of the Singh Family afforded Australia a reasonable opportunity to arbitrate the dispute. There is no basis for the Court to infer that Australia was given any such opportunity to arbitrate. Accordingly, this second requirement for operation of the section 1605(a)(7) exception to sovereign immunity has not been met.

### 3. The Complaint fails to allege that Plaintiffs were United States nationals

Finally, section 1605(a)(7)(B)(ii) precludes operation of the "state sponsored terrorism exception" to sovereign immunity where:

> neither the claimant nor the victim was a national of the United States (as that term is defined in section 101(a)(22) of the Immigration and Nationality Act) when the act upon which the claim is based occurred.

28 U.S.C. § 1605(a)(7)(B)(ii). The Complaint fails to allege that Singh or any member of the Singh Family is a United States national. Conversely, the Complaint expressly alleges that at the time of the act, Singh was a "[c]itizen of India" and "temporary resident of Australia," and that his daughter is an "Australian Citizen." *See* Compl. ¶¶ 10, 11a.

In summary, the Complaint fails to allege facts showing that either of the two exceptions to FSIA sovereign immunity relied upon by the Plaintiffs should be applied. Australia is

therefore immune under the FSIA from all of the Plaintiffs' claims. Accordingly, the Complaint should be dismissed as to Australia for lack of subject matter jurisdiction under Rule 12(b)(1).

## II.    THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

The Complaint purports to state a variety of alleged causes of action under the Alien Tort Claims Act (the "ATCA"), 28 U.S.C. § 1350, entitled:   Count I – Battery; Count II – Assault; Count III – Intentional Infliction of Emotional Distress; Count IV – Action for Civil Conspiracy; Count V – 18 U.S.C. § 1962(a) and (d) – Civil RICO; Count VI – Action for Aiding and Abetting; Count VII – Willful and Wanton Misconduct; Count VIII – Loss of Consortium and Solatium; and Count IX – Punitive Damages.   None of these Counts state an actionable claim upon which relief may be granted.   In addition, Singh, as an individual, has no standing to assert any claims on behalf of the Singh Family.   Therefore, all of the purported claims in the Complaint should be dismissed under Rules 12(b)(6) and 12(b)(7) for failure to state a claim and failure to join necessary parties under Rule 19.

### A.  The Complaint Fails to State Claims Upon which Relief May Be Granted in Counts I through IX

The Complaint fails to state any claim on behalf of Singh, individually, or the Singh Family upon which relief may be granted.   Therefore, each of the purported claims set forth in Counts I through IX of the Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state an actionable claim.

### 1.  Count I fails to state a claim for battery

Count I purports to set forth a claim for common law battery on Singh and/or other members of the Singh Family.   This claim is legally deficient because it fails to allege any

8

specific physical contact with any specific individual.  Under District of Columbia law, a critical element of the tort of battery is "physical contact with *the plaintiff* which is offensive or insulting, as well as physically harmful." *Rogers v. Loews L'Enfant Plaza Hotel*, 526 F.Supp. 523, 529 (D.C.D.C. 1981) (*emphasis added*).  The defendant must also have the intent "to bring about such a contact." *Id.*  The vague, confusing and conclusory allegations of paragraphs 49 through 55 of the Complaint fail to plead either of these elements.  Notwithstanding the allegation that "[t]he defendants by making disappear plaintiff's daughter has [sic] caused assault and battery upon plaintiff's person," *see* Compl. ¶ 51, there is no allegation that any representative of Australia committed any offensive or insulting touching of any individual's *person* that was physically harmful.  The alleged disappearance of Singh's daughter does not give rise to a claim by Singh for battery on his person.  Accordingly, the purported claim in Count I of the Complaint for battery should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

## 2.  Count II fails to state a claim for assault

Count II purports to allege a claim for assault.  The tort of assault under District of Columbia law is "an intentional and unlawful attempt or threat, either by words or acts, to do physical harm to the plaintiff." *Holder v. District of Columbia*, 700 A.2d 738, 741 (D.C. 1997). "To constitute the tort of assault, the apprehension must be one which would normally be aroused in the mind of a reasonable person and apparent ability and opportunity to carry out the threat immediately must be present." *Loews L'Enfant Plaza Hotel*, 526 F. Supp at 529.  Although the Complaint alleges in conclusory fashion that the Plaintiffs were "in fear" and "in apprehension of immediate physical harm," *see* Compl. ¶ 58, nowhere does the Complaint allege any words or acts directed *against any of the Plaintiffs* by any representative of Australia that

caused such fear or apprehension. In the absence of such allegations, Count II of the Complaint fails to state an actionable claim for assault and should be dismissed pursuant to Rule 12(b)(6).

### 3. Count III fails to state a claim for intentional infliction of emotional distress

Count III purports to state a claim for intentional infliction of emotional distress. To establish a claim of intentional infliction of emotional distress under District of Columbia law, "a plaintiff must show (1) extreme and outrageous conduct on the part of the defendant which (2) intentionally or recklessly (3) causes the plaintiff severe emotional distress." *Larijani v. Georgetown Univ.*, 791 A.2d 41, 44 (D.C. 2002) (citations omitted). Furthermore, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Homan v. Goyal*, 711 A.2d 812, 818 (D.C. Cir. 1998) (quoting *Drejza v. Vaccaro*, 650 A.2d 1308, 1316 (D.C. 1994)). The Complaint's incoherent and rambling allegations and conclusory statements do not set forth these elements of a claim of intentional infliction of emotional distress. Nowhere in paragraphs 64 through 66 of the Complaint do the Plaintiffs describe any alleged actions committed by any representative of Australia against them that was "so outrageous and extreme" as to go beyond all "bounds of decency" and be "utterly intolerable in a civilized community." *See Homan*, 711 A.2d at 818. Therefore, the claim for intentional infliction of emotional distress should be dismissed under Civil Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### 4. Count IV fails to state a claim for civil conspiracy

Count IV purports to set forth a claim styled "Action for Civil Conspiracy." *See* Compl. at p. 26. Under District of Columbia law, the elements of civil conspiracy include:

(1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement; (4) which overt act was done pursuant to and in furtherance of the common scheme.

*Halberstam v. Welch*, 705 F.2d 472, 477 (D.C. Cir. 1983). Although the Complaint alleges that "[a]ll defendants conspired with one another to commit acts of international Hostage taking and kidnap [sic]," *see* Compl. ¶ 68, it utterly fails to allege any facts establishing that any representative of Australia performed or in any way participated in the alleged underlying torts of hostage taking and kidnapping. District of Columbia law predicates liability for civil conspiracy "on performance of some underlying tortious act" because conspiracy is not independently actionable. *Halberstam*, 705 F.2d at 479 ("conspiracy…is a means for establishing vicarious liability for the underlying tort"). Because the Complaint fails to allege any specific facts constituting the alleged unlawful act(s) warranting a claim for civil conspiracy, Count IV should be dismissed under Civil Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### 5. **Count V fails to state a civil RICO claim**

Count V purports to allege violations of 18 U.S.C. § 1962 (the Racketeering Influenced and Corrupt Organizations Act) ("RICO"). *See* Compl. ¶ 93. RICO prohibits a person who has received income from a pattern of racketeering activity from using the money to acquire any interest in or establish an enterprise engaged in interstate commerce. *See* 18 U.S.C. § 1962(a). RICO also prohibits a person from conducting an enterprise through a pattern of racketeering activity. *See* 18 U.S.C. § 1962(c). "Racketeering activity" is defined as any act or threat involving one of many specified state crimes, including kidnapping, if they are punishable by imprisonment of more than one year. Additionally, any act indictable under any number of

11

specified federal criminal statutes also qualifies as a racketeering activity. *See* 18 U.S.C. § 1961(1). The RICO statute gives litigants standing to sue only if they are "injured in [their] business or property by reason of a violation of section 1962…" 18 U.S.C. § 1964(c).

Count V does not allege any specific facts in support of any of the elements of a civil RICO claim. For example, while the Complaint alleges in a generalized and conclusory fashion a number of predicate acts purported to amount to a pattern of racketeering activity, such as mail and wire fraud, obstruction of justice, and transportation of stolen goods in interstate commerce, *see* Compl. ¶ 93, it does not describe any specific action allegedly committed by any representative of Australia giving rise to any civil RICO claim. Although the Complaint alleges that "this joint pattern of racketeering enterprise…affected American business activities," *see* Compl. ¶ 86, and "[p]laintiffs…have been injured in their business, property…" by reason of Defendants' purported violation of civil RICO, *see* Compl. ¶ 95, it fails to allege any specific facts forming the basis of any civil RICO claim. Nowhere in the Complaint do the Plaintiffs describe *what business* has been injured, or how and when such injury occurred by the use and investment of racketeering money. Accordingly, the civil RICO claim should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### 6. Count VI fails to state a claim for aiding and abetting

Count VI purports to assert a claim styled an "Action for Aiding and Abetting." *See* Compl. at p. 34. District of Columbia law is clear, however, that aiding and abetting, like civil conspiracy, is not an independent cause of action, but rather, a theory of liability. *Halberstam*, 705 F.2d at 481. Even when based on an actionable tort claim, a plaintiff must prove three necessary elements to state a claim for aiding and abetting:

> (1) the party whom the defendant aids must perform a wrongful act that cause an injury; (2) the defendant must be generally aware of his role as part of an overall

12

illegal or tortious activity at the time that he provides the assistance; (3) the
defendant must knowingly and substantially assist the principal violation.

*Id.* at 477 (citations omitted).

Although the Complaint alleges that "[a]ll Defendants knowingly and willfully provided
substantial assistance, sponsored and partnered with each other to deliberately and maliciously
committed [sic] the May 8, 2005 terrorist attack of hostage taking and kidnapping," *see* Compl. ¶
103, it does not allege any specific facts giving rise to the claim for aiding and abetting nor does
it allege that any representative of Australia was aware of his or her purported role as part of an
illegal activity at the time that he or she allegedly provided the alleged assistance. Accordingly,
the claim in Count VI for aiding and abetting should be dismissed pursuant to Civil Rule
12(b)(6) for failure to state a claim upon which relief may be granted.

### 7. Count VII fails to state a claim for willful and wanton misconduct

Count VII purports to assert a claim styled "Willful and Wanton Misconduct." *See*
Compl. at p. 36. The Complaint does not make clear what cause of action the Plaintiffs are
attempting to assert in Count VII. Based on the allegations in paragraphs 110 through 118 of the
Complaint, it appears that the Plaintiffs are simply repeating numerous allegations stated
elsewhere in the Complaint in support of prior alleged claims. In particular, the Complaint
merely alleges that

> Defendants negligently, intentionally, recklessly, willfully and wantonly breached
> duties of care owed to the Plaintiffs to use care and the diligence not to interfere
> with another sovereign so families can be safe can be safe [sic] and not invade
> homes where families are reared which occurs in foreign states and perform
> terrorist extra judicial kidnap and hostage taking torture and terrorism....

*See* Compl. ¶ 112. Such incoherent and nonsensical allegations do not constitute any cause of
action cognizable under the law of the District of Columbia. Therefore, Count VII should be
dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

13

8. **Count VIII fails to state a claim for loss of consortium**

Count VIII purports to assert a claim for loss of consortium and solatium arising from alleged injury and interference with personal relationships, presumably among unidentified members of the Singh Family.  District of Columbia law imposes two essential elements for a loss of consortium claim.  They are: (1) the existence of a lawful *marital* relationship at the time of the purported tortious conduct or (2) resultant injury to a *spousal* relationship.  *See Gilbert v. Washington Metropolitan Area Transit Authority*, 1991 WL 221158, at *2 (D.D.C. 1991) (emphasis added).  Although the Complaint alleges that "[a]s a direct and proximate result of the willful, wrongful, intentional and reckless acts of the Defendants, surviving Plaintiffs suffered permanent injury to and interference with their family relationships," *see* Compl. ¶ 120, nowhere does the Complaint allege that the family relationship which was allegedly impaired was a marital relationship.  Most jurisdictions addressing the question of whether parents of negligently injured children may recover damages for loss of consortium have declined to recognize such a right of recovery.  The District of Columbia is no exception.  In *District of Columbia v. Howell*, 607 A.2d 501, 506 (D.C. 1992), where a jury awarded one million dollars to parents for an injury sustained by their child, the Court of Appeals reversed the damage award, finding that parent-child consortium was not a basis for recovery in the District of Columbia.

In addition, "[s]olatium [] is not an independent cause of action, but rather [] a form of damages." *Reed v. Islamic Republic of Iran*, 439 F.Supp.2d 53, 67-8 (D.D.C. 2006) (Urbina, J.) (citing *Salazar v. Islamic Republic of Iran,* 370 F.Supp.2d 105, 115 (D.D.C. 2005).  A plaintiff may obtain solatium damages only in conjunction with a common law claim.  Because the substantive loss of consortium claim as pleaded in Court VIII is not recognized under the laws of

the District of Columbia, Count VIII should be dismissed under Civil Rule 12(b)(6) for failure to state an actionable claim.

### 9. Count IX fails to state a claim for punitive damages

Count IX seeks recovery of punitive damages in the amount of $300,000,000, *see* Compl.¶ 132, without alleging any substantive claim. The recovery of punitive damages is a remedy and not a freestanding, independent cause of action. *See Int'l Kitchen Exhaust Cleaning Ass'n v. Power Washers of N. Am.*, 81 F.Supp.2d 70, 74 (D.D.C. 2000). Therefore, the claim in Count IX for punitive damages in isolation should be dismissed under Civil Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### B.   Singh Lacks Standing to Assert Claims on Behalf of the Singh Family

Singh appears to be bringing this action on behalf of himself and on behalf of his various children and/or other members of his family.  The case caption lists the parties plaintiff as "JUGVIR INDER SINGH" and "JUGVIR INDER SINGH AS INDIVIDUAL AND HEAD OF THE ESTATE OF THE SINGHDEREWA FAMILY."  In the body of the Complaint Singh alleges that he is bringing this action on behalf of himself and on behalf of additional persons, as suggested by his repeated use of the plural "plaintiffs." *See, e.g.*, Compl. ¶¶ 49, 57, 64, 67, 77, 102, 110, 119, 124 .  Specifically, Singh appears to assert claims on behalf of several, if not all, of his children. *See, e.g., id.* ¶ 1 ("The plaintiff and his decedents [sic] alleges a civil liability for intentional torts[.]")

Singh has no legal standing to bring any claims on behalf of anybody other than himself. In federal courts, the doctrine of standing normally bars a plaintiff from asserting claims on behalf of third parties or from resting his claim to relief on the legal rights or interests of others. *See Singleton v. Wulff*, 428 U.S. 106, 114-16 (1976); *see also, Warth v. Seldin*, 422 U.S. 490,

498-503, (1975). In *Singleton*, the Supreme Court held that a court should consider two factors

when determining whether a plaintiff has standing to litigate claims on behalf of a third party.

First, the court should look to the relationship between the plaintiff and the third party,

considering, in particular, whether the plaintiff's claim is inextricably bound up with the claim

sought to be asserted on behalf of the third party. *See Singleton*, 428 U.S. at 114.  Second, a

court should look to the ability of the third party to assert his or her own rights. *See Singleton*,

428 U.S. at 115.

Applying the principles enunciated in *Singleton* to the instant action requires dismissal of

all purported claims brought by Singh on behalf of the Singh Family.  The mere existence of a

familial relationship does not satisfy the first factor.  "A parent-child relationship, alone, does not

establish inextricably intertwined claims." *Rudder v. U.S.*, 1987 WL 19232, at \*2 (D.D.C.

1987).  Moreover, there is no suggestion in the Complaint that Singh's children or other family

members lack the ability to assert their own rights.  While Singh may have standing to assert his

own claims, he does not have standing to assert claims on behalf of his children or other family

members in this action.  Therefore, all claims asserted by Singh on behalf of the Singh Family

should be dismissed pursuant to Rule 12(b)(6) for failure to state an actionable claim.

The dismissal of the purported claims asserted by Singh on behalf of the Singh Family is

also appropriate under Rule 12(b)(7) because the Complaint fails to join necessary parties,

namely, members of the Singh Family, as plaintiffs.  *See* Fed.R.Civ.P 19.  Rule 19(a) defines a

necessary party as a person:

> (1) in [whose] absence complete relief cannot be accorded among those already
> parties, or (2) [who] claims an interest relating to the subject of the action and is
> so situated that the disposition of the action in the person's absence may (i) as a
> practical matter impair or impede the person's ability to protect that interest or (ii)
> leave any of the persons already parties subject to a substantial risk of incurring

16

double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed.R.Civ.P. 19(a). Singh's children and/or other members of his family fall squarely within this definition. The allegations in the Complaint suggest that Singh's children and/or other members of his family may possess a significant interest in the outcome of this action, which might well go unprotected were this litigation to proceed in their absence. Moreover, if Singh were permitted to maintain this action without the joinder of his children and/or other members of his family, Australia would be exposed to a potential substantial risk of incurring double, multiple or inconsistent obligations. *See* Fed.R.Civ.P. 19(a)(2)(ii). Therefore, for this additional reason, the court should dismiss any and all claims asserted by Singh on behalf of the Singh Family pursuant to Rule 12(b)(7).

### Conclusion

The FSIA provides Australia, as a foreign state, with sovereign immunity from the jurisdiction of the federal and state courts in the United States. The Plaintiffs have not pleaded any facts showing that they are entitled to invoke any exception to sovereign immunity. Therefore, all of the Plaintiffs' claims should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. In the alternative, the Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted and pursuant to Rule 12(b)(7) for failure to join necessary parties under Rule 19.

17

Respectfully submitted,

By: _____

John B. Prominski, Jr.     #356303
1751 Pinnacle Drive, Suite 500
McLean, Virginia 22102
Ph:  703-610-8653
Fax:  703-610-8686
Counsel for Defendant Commonwealth
      of Australia

18

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT COMMONWEALTH OF AUSTRALIA'S MOTION TO DISMISS PURSUANT TO RULES 12(b)(1), 12(b)(6) and 12(b)(7) was served via electronic mail or first class mail, postage prepaid this 24 day of September , 2007 on:

Jugvir Inder Singh
As Individual and Head of the Estate of the
Singhderawa Family
4409 Hoffner Suite 405
Orlando, FL  32818

Union of India
Embassy of India
Mr. Rarendra Sen
2107 Massachusetts Avenue, NW
Washington, DC

United Nations
UN Headquarters
Mr. Nicolas Michel,
Under-Secretary-General,
The Legal Counsel,
Room 3427A
First Avenue at 46th Street
New York, NY  10017


John E. Prominski, Jr.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JUGVIR I. SINGH, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:07 – CV – 01170 |
| | ) Judge Bates |
| COMMONWEALTH OF AUSTRALIA, | ) |
| *et al.* | ) |
| | ) |
| Defendants. | ) |

## O R D E R

UPON DUE CONSIDERATION of Defendant Commonwealth of Australia's Motion to Dismiss Pursuant to Rules 12(b)(1), 12(b)(6) and 12(b)(7), the Memorandum of Points and Authorities in support thereof, and any opposition thereto, it is hereby

ORDERED, that the aforesaid motion be, and hereby is, GRANTED; and it is further

ORDERED, that all claims in the Complaint against defendant Commonwealth of Australia shall be, and hereby are, DISMISSED WITH PREJUDICE.

ENTERED this _____ day of _____, 2007.

_____

United States District Judge
John D. Bates