UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Jugvir Inder Singh,**<br><br>**Plaintiff,**<br><br>v.<br><br>**Commonwealth of Australia** *et al.***,**<br><br>**Defendants.** | Civil Action No.  07-1170 (JDB) |

### ORDER

Plaintiff moves the Court to issue a preliminary injunction to enjoin "the defendants and their agents . . . from exercising any rights whatsoever over Nara Avalon von Neumann Singhderewa," who he claims to be his six-year-old daughter.  Mot. at 1.  To prevail on a motion for a preliminary injunction, the movant must demonstrate (1) that he is substantially likely to succeed on the merits of the suit, (2) that, without the injunction, he would suffer irreparable harm for which there is no adequate legal remedy, (3) that the injunction would not substantially harm other parties, and (4) that the injunction would not substantially harm the public interest.  *Al-Fayed v. Central Intelligence Agency*, 254 F.3d 300, 303 (D.C. Cir. 2001); *Taylor v. Resolution Trust Corp.*, 56 F.3d 1497, 1505-06 (D.C. Cir. 1995).  The burden is on the movant to demonstrate a clear entitlement to the extraordinary and drastic remedy of preliminary injunctive relief.  *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Plaintiff bases his motion in part on the fact that only one of the three named defendants, Australia, has submitted to this Court's jurisdiction.  *See* Mot. at 2.  That is not a basis for affording him the relief he seeks.  He has not shown, moreover, that he will be able to overcome the substantial jurisdictional question this case presents and therefore has not demonstrated the

first requirement for issuing a preliminary injunction. Plaintiff's vague assertions that the alleged behavior forming the basis of the complaint "cumulatively continues to cause" him injury, Mot. at 2, do not present the type of exigent circumstances amounting to irreparable injury necessary to satisfy the second requirement for a preliminary injunction. Besides, an "order granting an injunction . . . shall set forth the reasons for its issuance . . . be specific in terms. . . [and] describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained." Fed. R. Civ. P. 65(d). Neither plaintiff's motion nor his proposed order specifies the acts to be enjoined beyond those sought ultimately as relief in the complaint. Accordingly, it is

>**ORDERED** that plaintiff's motion for a preliminary injunction [Dkt. No. 13] is **DENIED**.

>>_____
>>s/
>>JOHN D. BATES
>>United States District Judge

Dated: October 16, 2007