UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUGVIR I. SINGH, *et al.*, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>COMMONWEALTH OF AUSTRALIA, )<br>*et al.* )<br>)<br>Defendants. ) | Case No. 1:07 – CV – 01170<br>Judge Bates |

**DEFENDANT COMMONWEALTH OF AUSTRALIA'S
MEMORANDUM IN REPLY TO PLAINTIFFS'
MEMORANDA IN OPPOSITION TO MOTION TO DISMISS**

Defendant Commonwealth of Australia ("Australia"), by counsel, hereby files this memorandum in reply to the two memoranda filed by plaintiffs in opposition to Australia's motion to dismiss.

I.   **INTRODUCTION**

Although difficult to discern, it appears that the gravamen of plaintiffs' claims is that at some unknown time and place, an unknown person or persons allegedly (i) abducted plaintiff Jugvir Inder Singh's minor daughter, Nara Avalon Singhderewa, and made her "vanish" and (ii) misappropriated unidentified property from plaintiffs. The sole questions material to Australia's motion to dismiss are whether plaintiffs have the right to invoke any of the exceptions to sovereign immunity under the Foreign Sovereign Immunities Act (the "FSIA") and, if so,

whether plaintiffs' complaint states any actionable claim against Australia.[1] Because both of these questions should be answered in the negative, plaintiffs' complaint must be dismissed.

In their Complaint, plaintiffs rely upon the exceptions to immunity conferred by 28 U.S.C. §§ 1605(a)(5) and 1605(a)(7), *See* Compl. ¶ 2, respectively known as the "non-commercial tort" and the "state-sponsored terrorism" exceptions to FSIA immunity. Australia in its previously-filed memorandum of points and authorities in support of the motion to dismiss pointed out why plaintiffs' claims do not fall within those two exceptions.

While far from clear, plaintiffs' memoranda in opposition to the motion to dismiss now appear to invoke the additional exceptions to FSIA immunity conferred by 28 U.S.C. § 1605(a)(2) (the "commercial activity" exception), 1605(a)(3) (the "expropriation" exception) and 1605(a)(4) (the "immovable property" exception). These additional exceptions are not relevant to plaintiffs' claims in this case. Each will be addressed in turn below.

II.   **LEGAL ARGUMENT**

   A. **The Commercial Activity Exception to FSIA Immunity Does Not Apply.**

The commercial activity exception to FSIA immunity applies only to an act by a foreign state that is

> based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

28 U.S.C. § 1605(a)(2); quoted in *Rong v. Liaoning Province Government*, 452 F.3d 883, 888 (D.C. Cir. 2006). Nowhere in plaintiffs' complaint is there any allegation that plaintiffs' claims are based upon any commercial activity carried on by Australia in the United States or any act of

---

[1] That plaintiffs' Complaint fails to state any actionable claim was addressed in the previously filed Memorandum of Point and Authorities in Support of Defendant Commonwealth of Australia's Motion to Dismiss Complaint Pursuant to Rules 12(b)(1), 12(b)(6) and 12(b)(7) and will not be further addressed here.

2

Australia performed in the United States in connection with a commercial activity of Australia elsewhere. Therefore, the first two clauses of 1605(a)(2) do not apply.

The application of the third clause of the commercial activity exception requires a three-pronged analysis. First, the claim must be based on an act that took place outside the United States; second, the act must have been taken in connection with a commercial activity; and third, the act "must have caused a direct effect in the United States." *Republic of Argentina v. Weltover,* 504 U.S. 607, 611 (1992); quoted in *Rong,* 452 F.3d at 888-889. Plaintiffs make no allegations of any specific actions taken anywhere by or on behalf of Australia. In addition, there are no allegations in the Complaint that any alleged acts were taken in connection with the conduct by Australia of a commercial activity and that they had a direct impact in the United States as required by the second and third prongs.

To show that a foreign state is engaged in the conduct of a "commercial activity" within the meaning of the third clause of 28 U.S.C. § 1605(a)(2), the complaint must show that the foreign sovereign has "taken action of a type that a private actor would employ as a means of engaging in commerce." *Doe I v. State of Israel,* 400 F. Supp. 2d 86, 106 (D.D.C. 2005) (citing *Weltover,* 504 U.S. at 614). The analysis must focus "on whether the distinct action – not a broad characterization thereof – is commercial, rather than sovereign." *Doe I v. Israel,* 400 F. Supp. 2d at 106 (citations omitted). The generalized and conclusory allegations of the Complaint fail to allege any specific acts on the part of Australia on which plaintiffs' claims are based that could possibly be construed as acts taken in connection with any commercial activity.

In addition, there is no showing that any action on the part of Australia had a "direct effect" in the United States as required by the third clause of the commercial activity exception. While it may be reasonable to infer that plaintiff Jugvir Inder Singh suffered grief, sorrow and emotional upset resulting from the alleged abduction of his daughter, Nara Avalon Singhderewa,

in Australia, such alleged consequences do not constitute a "direct effect" within the meaning of the third clause of this exception. *See, Daliberti v. Republic of Iraq*, 97 F. Supp. 3d 38, 47 (D.D.C. 2000); *Princz v. Federal Republic of Germany*, 26 F. 3d 1166, 1172-1173 (D.D.C. 1994). This Court has specifically recognized that emotional distress suffered by a person on American soil by reason of injury or death to that person's family members on foreign soil is a "derivative" rather than a "direct" effect within the meaning of the third clause of the commercial property exception. *Doe I. v. Israel*, 400 F. Supp. At 107.

### B. The Expropriation Exception to FSIA Immunity Does Not Apply.

There are no specific allegations in the Complaint that Australia took any property owned by plaintiff. In order for the expropriation exception in 28 U.S.C. 1605(a)(3) to FSIA immunity to apply, it must be established that

> (1) rights in property are at issue; (2) the property was taken in violation of international law; and (3) the property at issue (or any property exchanged for it) [is] ... owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality engages in commercial activity in the United States.

*Agudas Chasidei Chabad of United States v. Russian Federation*, 466 F.Supp.2d 6, 15 (D.D.C. 2006) (quotation marks omitted) (citing *Peterson v. Royal Kingdom of Saudi Arabia*, 416 F. 3d 83 (D.C. Cir. 2005). No circuit court has addressed the issue whether the expropriation exception applies to intangible property. *Nemariam v. Federal Democratic Republic of Ethiopia*, 491 F. 3d 470, 476 (D.C. Circ. 2007). Because the Complaint makes no allegations of any taking of property within the meaning of 1605(a)(3), the expropriation exception does not apply.

### C. The Immovable Property Exception to FSIA Immunity Does Not Apply.

The immovable property exception to FSIA immunity applies only in cases "in which ... rights in immovable property situated in the United States are in issue." 29 U.S.C. 1605(a)(4); *MacArthur Area Citizens Ass'n. v. Republic of Peru*, 809 F.2d 918 (D.C. Cir. 1987); *Asociacion*

4

*de Reclamantes v. United Mexican States*, 735 F.2d 1517 (D.C. Cir. 1984). The exception is limited to disputes directly implicating real property interests or rights to possession of real property located within the United States. *Asociacion*, 735 F.2d at 1522. There is no claim whatsoever in this action implicating interests in any real property located in the United States.

### III. <u>CONCLUSION</u>

The Commonwealth of Australia, as a foreign state, enjoys sovereign immunity from the jurisdiction of this Court because plaintiffs have pled no claims triggering any of the exceptions to sovereign immunity. For all of the foregoing reasons, as well as the reasons set forth in its previously filed memorandum of points and authorities, defendant Commonwealth of Australia, by counsel, requests that the Complaint instituting this action be dismissed with prejudice.

                                          Respectfully submitted,

                                          MILES & STOCKBRIDGE, P.C.

                            By: _____
                                  John E. Prominski, Jr., #356303
                                  1751 Pinnacle Drive, Suite 500
                                  McLean, Virginia 22102
                                  Ph: 703-610-8653
                                  Fax: 703-610-8686
                                  Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing DEFENDANT COMMONWEALTH OF AUSTRALIA'S MEMORANDUM IN REPLY TO PLAINTIFFS' MEMORANDA IN OPPOSITION TO MOTION TO DISMISS was mailed via first class mail, postage prepaid this _14th_ day of November, 2007 to:

Jugvir Inder Singh
As Individual and Head of the Estate of the
Singhderawa Family
4409 Hoffner Suite 405
Orlando, FL 32818

Union of India
Embassy of India
Mr. Rarendra Sen
2107 Massachusetts Avenue, NW
Washington, DC 20008

United Nations
UN Headquarters
Mr. Nicolas Michel,
Under-Secretary-General,
The Legal Counsel,
Room 3427A
First Avenue at 46th Street
New York, NY 10017

_____
John E. Prominski, Jr.