UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **Jugvir Inder Singh,**<br><br>   **Plaintiff,**<br><br>        v.<br><br>**Commonwealth of Australia** *et al.***,**<br><br>   **Defendants.** | Civil Action No.  07-1170 (JDB) |

### MEMORANDUM OPINION

Plaintiff is a resident of Orlando, Florida, proceeding *pro se* and *in forma pauperis*.[1]  He seeks monetary damages from the Commonwealth of Australia, the Union of India and the United Nations for allegedly "colluding, conspiring [and] aiding and abetting" in the kidnapping of his five-year-old daughter in Australia.  Compl. at 3.  He also accuses defendants of torturing him and his daughter, presumably by keeping them apart.  *See id*. at 3, 6, 33, 22-26.  Australia moves to dismiss pursuant to Rule 12(b)(1), (b)(6) and (b)(7) of the Federal Rules of Civil Procedure.  Because the complaint presents no basis for obtaining jurisdiction under the exceptions to the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1605, the Court will grant the Rule 12(b)(1) motion and will dismiss the case.[2]

---

[1]  The complaint purportedly is brought by plaintiff Jugvir Inder Singh and the "Estate of the Singhderewa Family."  Because only "natural persons" may proceed *pro se* and *in forma pauperis* in federal court, *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993), the Court considers the action to be brought solely by Mr. Singh.

[2]  Although the docket reflects service of process upon India and the United Nations, India has not appeared in the case and the U.N. returned the papers, rightly asserting its privileges and immunities.  *See* Notice [Dkt. No. 6]; *Keeney v. U.S.,* 218 F.2d 843, 845 (D.C. Cir. 1954) (*quoting* International Organizations Immunities Act, § 7(b), 59 Stat. 672, 22 U.S.C.A. § 288d(b) (granting immunity from suit to "[r]epresentatives of foreign governments in or to international organizations" as to the performance of official duties).  The basis for granting Australia's motion applies equally to India.  Thus, the Court will dismiss the complaint against the absent defendants pursuant to Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action whenever subject matter jurisdiction is found wanting).

## I.  FACTUAL BACKGROUND

As alleged in the complaint, on April 3, 2005, plaintiff "lodged" police reports "electronically from India" with Australian authorities, claiming child abduction and kidnapping of his then-three-year-old daughter.  Compl. ¶ 38.  When plaintiff tried "to get help to return to Australia in an Emergency[,] [he] was instructed that he will never see his child again. . . ."  *Id*. ¶ 40.  Defendants "then conspired, using emails of passport documents and other documents to change" his daughter's identity and "to remove [her] from Australia to New Zealand."  *Id*. ¶ 41.

Plaintiff then "filed a Human Rights Complaint with the National Human Right Commission against the State Actors of Australia and others."  *Id*. ¶ 42.  "[T]he Human Rights Direction . . . observed that the defendant's action[s] were 'unjustifiable' actions[] against the plaintiff. . . ."  *Id*. ¶ 43.  Plaintiff also filed a *habeas corpus* petition in the Supreme Court of India, which "directed [him] to go to Australia. . . ."  *Id*. ¶ 46.

Plaintiff filed this action in June 2007, setting forth the following nine counts: Battery, Assault, Intentional Infliction of Emotional Distress, Civil Conspiracy, Civil RICO, Aiding and Abetting, Willful and Wanton Misconduct, Loss of Consortium and Solatium, and Punitive Damages.  Compl. at 22-39.

## II.  DISCUSSION

The FSIA provides the sole basis for obtaining jurisdiction over a foreign state in a United States court.  *See* 28 U.S.C. § 1330; *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 434 (1989).  The "interlocking provisions" of that statute, *Mar. Int'l Nominees Establishment v. Republic of Guinea*, 693 F.2d 1094, 1099 (D.C. Cir. 1982), compress subject-matter jurisdiction and personal jurisdiction into a single, two-pronged inquiry: (1) whether service of the foreign state was accomplished properly, and (2) whether one of the

statutory exceptions to sovereign immunity applies. *See* § 1330. As determined below, Australia rightly contends that none of the asserted exceptions applies to the circumstances of this case.

Plaintiff initially invoked the FSIA's non-commercial tort exception, § 1605(a)(5), and its state-sponsored terrorism exception, § 1605(a)(7). Compl. at 3. In his opposition to the pending motion to dismiss, plaintiff seems also to invoke the commercial activity exception, § 1605(a)(2), the expropriation exception, § 1605(a)(3) and the immovable property exception, § 1605(a)(4). The latter asserted exceptions merit little discussion. As indicated by its terms, the commercial activity exception is predicated on the foreign state's performance of commercial activity within the United States or outside of the United States that "causes a direct effect in the United States." 28 U.S.C. § 1605(a)(2). The complaint does not concern commercial activity. The expropriation and immovable property exceptions apply to claims arising from the taking of property, which is not at issue here.

Under 28 U.S.C. § 1605(a)(5), a foreign state is not immune from a lawsuit

> in which money damages are sought . . . for personal injury or death . . . occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment.

§ 1605(a)(5). Australia rightly asserts that this exception is inapplicable because the wrongful behavior is alleged to have occurred in Australia and perhaps India.

Under 28 U.S.C. § 1605(a)(7), the terrorism exception, a foreign state is not immune from a lawsuit

> in which money damages are sought . . . for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources (as defined in section 2339A of title 18) for such an act if such act or provision of material support is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency.

§ 1605(a)(7). This exception applies only if the foreign state was designated as a state sponsor of

terrorism at the time of the act or as a result of the act, the foreign state was afforded a reasonable opportunity to arbitrate the claim in accordance with accepted international rules of arbitration, and the claimant or the victim was a national of the United States when the act occurred. § 1605(a)(7)(A)-(B).  Australia rightly asserts that it was not designated a state sponsor of terrorism at the time of the alleged acts, *see* 50 U.S.C. App. § 2405(j); 22 U.S.C. § 2371, and plaintiff has not demonstrated that Australia was ever so designated.[3]

### III.  CONCLUSION

For the foregoing reasons, the Court grants the Commonwealth of Australia's Rule 12(b)(1) motion to dismiss and dismisses, *sua sponte*, the complaint against India and the United Nations.[4]

                                                                                                              s/  
                                               JOHN D. BATES  
                                  United States District Judge

Dated: November 26, 2007

---

[3] The State Department has designated Cuba, Iran, Iraq, Libya, North Korea, Sudan and Syria as state sponsors of terrorism.  31 C.F.R. 596.201 (2005).  Iraq and Libya are not on the State Department's current list.  *See* www.state.gov ("State Sponsors of Terrorism") (Nov. 2007); *Kilburn v. Republic of Iran*, 441 F. Supp.2d 74, 76 (D.D.C. 2006) (noting the rescission of Libya's designation on May 12, 2006).  Plaintiff has provided nothing to suggest that India was ever so designated but particularly in 2005 when the wrongful acts are alleged to have occurred.

[4] A separate Order accompanies this Memorandum Opinion.