UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUGVIR I. SINGH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:07 – CV – 01170 |
| ) | Judge Bates |
| COMMONWEALTH OF AUSTRALIA, ) | |
| et al. ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT COMMONWEALTH OF AUSTRALIA'S OPPOSITION TO PLAINTIFF'S MOTION TO SET ASIDE, VACATE JUDGMENT

Defendant Commonwealth of Australia ("Australia"), by counsel, hereby files this opposition to the Motion to Set Aside, Vacate Judgment Ordered November 26th 2007 Pursuant to Rule 60 and its Sub Chapters and Rehear Case filed by plaintiff Jugvir Inder Singh ("Singh") in this action.

In its Memorandum Opinion and accompanying Order entered on November 26, 2007 in this action, the Court dismissed all of Singh's claims against Australia pursuant to Fed. R. Civ. P. 12(b)(1) on the ground that Australia is entitled under 28 U.S.C. 1604 to sovereign immunity from Singh's claims in this action because none of the exceptions set forth in 28 U.S.C. 1605 to sovereign immunity were found to apply. In bringing the instant motion, Singh presents no new arguments, facts or circumstances to justify the vacation of the Court's November 26th decision pursuant to Fed. R. Civ. Proc. 60(b)(1), 60(b)(3) or 60(b)(6).

Singh has satisfied none of the recognized criteria for relief under Rule 60(b). Relief under Rule 60(b)(1) "is rare; such motions allow district courts to correct only limited types of substantive errors." *Hall v. Central Intelligence Agency*, 437 F.3d 94, 99 (D.C. Cir. 2006)

(citations omitted). Singh fails to point to any specific instance of "mistake, inadvertence, surprise, or excusable neglect" within the meaning of Rule 60(b)(1) that would justify vacation of the judgment. Relief under Rule 60(b)(3) is granted "only in extraordinary circumstances" and "should be only sparingly used." *Tembec Inc v. United States*, No. 05-2345, slip op., 2007 WL 1169346, n. 7 (D.D.C. 2007) (citations omitted). The movant is required to "establish fraud or misconduct and resulting actual prejudice, by clear and convincing evidence." *Tembec.* Singh has wholly failed to produce any such evidence. Finally, relief under Rule 60(b)(6) should be granted "only in **extraordinary circumstances**." *Kramer v. Gates*, 481 F.3d 788, 791 (D.C. Cir. 2007) (emphasis in original) (citations omitted). There is a "very high bar" to relief under Rule 60(b)(6) and it "is not an opportunity for unsuccessful litigants to take a mulligan." *Kramer*, 481 F.3d. at 792. Singh has shown nothing to satisfy the high standard for relief under Rule 60(b)(6).

WHEREFORE, for the foregoing reasons, defendant Commonwealth of Australia, by counsel, hereby requests the Court to deny the instant motion and to enter the accompanying proposed Order.

Respectfully submitted,

MILES & STOCKBRIDGE, P.C.

By: _____/s/_____
John E. Prominski, Jr.   #356303
1751 Pinnacle Drive, Suite 500
McLean, Virginia 22102
Ph: 703-610-8653
Fax: 703-610-8686
Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing DEFENDANT COMMONWEALTH OF AUSTRALIA'S MEMORANDUM IN REPLY TO PLAINTIFFS' MEMORANDA IN OPPOSITION TO MOTION TO DISMISS was served via ECF or first class mail, postage prepaid this 17th day of March, 2008 to:

Jugvir Inder Singh
As Individual and Head of the Estate of the
Singhderawa Family
4409 Hoffner Suite 405
Orlando, FL  32818

Union of India
Embassy of India
Mr. Rarendra Sen
2107 Massachusetts Avenue, NW
Washington, DC  20008

United Nations
UN Headquarters
Mr. Nicolas Michel,
Under-Secretary-General,
The Legal Counsel,
Room 3427A
First Avenue at 46th Street
New York, NY  10017

/s/
John E. Prominski, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUGVIR I. SINGH, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. 1:07 – CV – 01170 |
| COMMONWEALTH OF AUSTRALIA, *et al.* | ) Judge Bates ) ) |
| Defendants. | ) ) |

## ORDER

UPON DUE CONSIDERATION of the Motion to Set Aside, Vacate Judgment Ordered November 26th 2007 Pursuant to Rule 60 and its Sub Chapters and Rehear Case filed by plaintiff Jugvir Inder Singh, and the opposition of defendant Commonwealth of Australia thereto, it is hereby

ORDERED, that the aforesaid motion be, and hereby is, DENIED.

ENTERED this _____ day of March, 2008.


_____
United States District Judge
John D. Bates